. No. 24,441.

Charles G. Mills, *Appellant*, v. The General Ordnance Company, *Appellee*.

SYLLABUS BY THE COURT.

1. Illegal Contract—*Violation of Antimonopoly Statutes—Contract Unenforceable.* A contract for the purchase of tractors providing that the purchaser shall maintain the seller's published list prices violates the antimonopoly statutes of this state, is unenforceable, and damages cannot be recovered for its violation.

2. Same—*No Part of Contract Enforceable.* Where a contract is illegal and void because it violates the antimonopoly laws of this state, and where the illegal and void provision affects the whole of the contract, no part of it is enforceable.

Appeal from Sedgwick district court, division No. 1; Thomas E. Elcock, judge. Opinion filed May 12, 1923. Affirmed.

R. L. Holmes, C. G. Yankey, W. E. Holmes, D. W. Eaton, and J. L. Gleason, all of Wichita, for the appellant.

Chester I. Long, Joseph D. Houston, Austin M. Cowan, Claude I. Depew, James G. Norton, and Warren F. Wattles, all of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover damages for the violation of a contract between him and the defendant, and to recover money deposited and commission earned under that contract. Judgment was rendered in favor of the defendant on the ground that the contract was illegal and void, and the plaintiff appeals.

The issues were tried by a jury, which returned a verdict in favor of the plaintiff and answered fifty-one special questions.

The contract contained the following provisions:

"I hereby agree to purchase from you to the numbers and amounts hereinafter set forth, new tractors and supplies and repair parts therefor during the period ending October 31, 1920, said purchase and payments to be made in accordance with the terms and conditions of this agreement as hereinafter set forth.

"This agreement can be canceled by either party by giving the other thirty days' written notice. . . .

"Territory: I hereby agree to adequately cover and supply the territory hereinafter described and to vigorously solicit the sale of GO tractors and tractor equipment at all times, both to dealers and users. It is agreed that I am to have the right to sell new tractors, supplies and repair parts therefor within the following territory and no other: All that part of Kansas bounded by and including the following counties: Chautauqua, Elk, Greenwood, Lyon, Morris, Dickinson, Saline, Ellsworth, Russell, Ellis, Trego, Gove, Lane, Finney, Gray and Meade; and in Oklahoma—Woods, Alfalfa, Grant, Kay, Osage and Washington, and such other adjoining and adjacent territory as I may be able to work to advantage after having completed my organization in the territory above set forth.

"Territory: 'Provided such territory has not already been contracted for by the company, and further provided that I can prove to the company that I can handle this territory to our mutual advantage.'

"Price Maintenance: I agree to maintain the published list prices on GO tractors sold by me and my dealers, and also agree not to sell repair parts, etc., at prices in excess of your published list prices plus transportation charges."

The contract contained a number of other stipulations not now material.

1. The plaintiff contends that the contract is one of agency and is permitted by section 2045 of the General Statutes of 1915. That section in part reads:

"A person, firm, corporation or association of persons doing business in this state shall not make it a condition of the sale of goods, wares, or merchandise that the purchaser shall not sell or deal in the goods, wares or merchandise of any other person, firm, corporation, or association of persons, but the provisions of this section shall not prohibit the appointment of agents or sole agents for

the sale of, nor the making of contracts for the exclusive sale of, goods, wares, or merchandise."

The defendant contends that the contract is one providing for the purchase and sale of tractors, and that it violates the law against trusts and monopolies. Section 6409 of the General Statutes of 1915 in part reads:

"A trust is a combination of capital, skill, or acts, by two or more persons, firms, corporations, or associations of persons, or either two or more of them, for either, any or all of the following purposes: . . .

"To fix any standard or figure, whereby its price to the public shall be, in any manner controlled or established, any article or commodity of merchandise, produce or commerce intended for sale, use or consumption in this state. . . .

"To make or enter into, or execute or carry out, any contract, obligation or any agreement of any kind or description . . . by which they shall agree in any manner to keep the price of such article, commodity, or transportation at a fixed or graded figure. . . . Any such combinations are hereby declared to be against public policy, unlawful and void."

Section 6415 in part reads:

"Any contract or agreement in violation of any of the provisions of this act shall be absolutely void and not enforceable in any of the courts of this state; . . ."

Section 6453 of the General Statutes of 1915 reads in part:

"That . . . all arrangements, contracts, agreements, trusts or combinations between persons or corporations, designed or which tend to . . . control the price or the cost to the producer or to the consumer of any such products or articles, [articles imported into, or produced in, this state] are hereby declared to be against public policy, unlawful and void."

The contract reveals that the parties to it studiously sought to avoid making a contract of agency. They made a contract for the purchase and sale of tractors. They tried to have the contract apply to a restricted territory and apparently attempted to give to the plaintiff the exclusive right to sell tractors in that territory. In doing so, the parties fixed the price at which the tractors should be sold by the plaintiff after they had been purchased from the defendant. They could not legally make such a contract because it violated the law of this state. Such a contract is unenforceable, and damages for its violation cannot be recovered. (*Patterson v. Glass Co.*, 91 Kan. 201; 137 Pac. 955; 13 C. J. 492-497.)

2. The plaintiff contends that even if the price-fixing part of the

contract renders it illegal, the contract is divisible and that the parts of it which do not violate the law may be enforced. An examination of the contract reveals that the illegal provision affects all of it, and that no part of it can be separated from the illegal part so as to render any of it enforceable. The entire contract is unenforceable. (*Ridgway v. Wetterhold,* 96 Kan. 736, 153 Pac. 490; 13 C. J. 492-497.)

The judgment is affirmed.