No. 28,790.

THE SECURITY NATIONAL BANK, *Appellant*, v. A. W. WEST, *Appellee*.

(278 Pac. 729.)

Opinion filed July 6, 1929.

C. H. Brooks, Willard Brooks, Howard T. Fleeson and H. T. Horrell, all of Wichita, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal by the plaintiff from an order of the court striking out a material paragraph of an amended petition, the motion to strike being tantamount to a demurrer. (*Van Deren v. Heineke & Co.*, 122 Kan. 215, 217, 252 Pac. 459.)

Plaintiff's original petition set forth a cause of action on a promissory note for $4,000 alleged to have been executed for value by defendant to plaintiff. Defendant in his answer admitted signing the note, but denied that he had received value therefor, and alleged that

it was given in a purported renewal of two previous notes, one for $2,000, dated August 23, 1921, which was in fact a forged note, which defendant never executed and for which he was not liable, and one for $2,000, dated December 9, 1921, which defendant had been induced to sign by William A. Stryker, president, manager and general agent of plaintiff, and to leave with Stryker to be paid out of moneys Stryker was handling for defendant. These defenses are more specifically set out in *Security Nat'l Bank v. West,* 120 Kan. 434, 243 Pac. 1014, which was a former appeal in this case. A trial resulted in judgment for defendant, from which plaintiff appealed, and this court held that there could be no recovery on the $4,000 note sued upon in so far as it had included in it the $2,000 forged note of August 23, 1921, but reversed the case for a new trial on the question of defendant's liability on the note sued upon by reason of its being based upon the $2,000 note of December 9, 1921. The concluding paragraph of the opinion in the former appeal reads:

"The judgment is reversed and the cause remanded for a new trial upon the question whether the defendant is liable to the extent of the $2,000 note of December 9, 1921, his nonliability further than that to be regarded as finally adjudicated." (p. 438.)

.After the mandate from this court was filed in the court below, .being uncertain whether it would be required to try the case on the $4,000 note which originally formed the basis of its action allowing it credit thereon of $2,000 for the forged note of August 23, 1921, or to try the case on the $2,000 note dated December 9, 1921, the plaintiff, on December 5, 1927, by leave of court, filed an amended petition in two causes of action. The first cause of action was founded on the $4,000 note, less $2,000 represented by the forged note of August 23, 1921, and in it plaintiff claimed a balance due of $2,000 with interest since the date of the note. The second cause of action was founded on the $2,000 note dated December 9, 1921. But, realizing that more than five years had elapsed since the maturity of that note, and not wanting to be defeated by the statute of limitations, which the face of the papers would indicate had run, plaintiff alleged, in substance, that at the former trial much evidence was offered and received by the court without objection with respect to defendant's liability on the $2,000 note dated December 9, 1921; that this evidence enlarged the issues as outlined by the pleadings then before the court, and amounted to a trial, in part at least, on the $2,000 note of December 9, 1921, and would have authorized

the amending of the pleadings so as to seek a recovery on that note. These are the allegations which the court struck out on motion of defendant.

The question before us is whether, on the cause of action pleaded by the plaintiff on the $2,000 note dated December 9, 1921, the plaintiff may allege facts, and on the trial prove them, to show that this note was really in litigation at the former trial and considered by this court on its appeal, for the purpose of avoiding the application of the statute of limitations, which the face of the instruments would indicate had run. The allegations of the petition stricken out are sufficient to show that in fact the $2,000 note of December 9, 1921, was in litigation in this action at the former trial, and that the opinion of this court on its former appeal recognizes that fact. Plaintiff can, of course, have only one recovery; that is, it may not recover more than the sum of $2,000 with interest, but whether it recovers it on the $4,000 note upon which nonliability to the extent of $2,000 had been established, or whether it recovers it on the $2,000 note of December 9, 1921, is not material. The real question to be determined is the indebtedness of defendant to plaintiff of the sum of $2,000, as evidenced, or tended to be evidenced, by the $2,000 note of December 9, 1921, and the $4,000 note which originally formed the basis of the action. We think there should be no restrictions by way of limited pleadings that would tend to prevent a full investigation of the rights of the parties.

The judgment of the court below is reversed with directions to set aside the order sustaining the motion to strike.