No. 37,425

In the Matter of the Application of Kitchener Atkinson for a Writ of Habeas Corpus (KITCHENER ATKINSON, *Appellee*, v. GRACE SOWERSBY, *Appellant*).

(198 P. 2d 158)

Opinion filed October 9, 1948.

*William C. Attwater,* of Wichita, argued the cause, and was on the briefs for the appellant.

*Henry L. Butler,* of Wichita, argued the cause, and *Enos E. Hook, Sidney L. Foulston* and *John H. Gerety,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: This is a contest over the custody of an eight-year-old child—another of those distressing by-products of a broken home. The grandmother who has had the child since it was two years old, appeals from an order quashing her motion to vacate a prior order relating to custody.

Brief statement of the factual background will suffice. Kitchener Atkinson and his wife, Lena, were living in California in 1942, when the wife left for parts unknown, taking their two-year-old daughter, Rosetta, with her. In 1943 the husband secured a divorce, service upon the wife being by publication. The child being outside the jurisdiction of the court, no order as to custody was then entered. Following the divorce, the husband entered the merchant marine service, and states that he had no knowledge as to the whereabouts of his former wife or of the child until sometime in 1947. As subsequently disclosed, the mother brought the child to Kansas and left it with her mother, Grace Sowersby, the appellant here, who has taken care of the child since that time. Lena Atkinson subsequently married a man named Dove, and on December 19, 1946, she filed a petition for a writ of habeas corpus in the district court of Sedgwick county, to secure possession of the child, naming as the defendants her mother, Grace Sowersby, and her brother, Wayne Sowersby. The child's father, Kitchener Atkinson, was not made a party to the action. In their return to the writ, the respondents alleged that they did not then have custody of the child and alleged that on December 18 and prior to the filing of the action, the child had been taken on a visit to Chicago by the petitioner's sister, Betty Jo Sowersby.

In their answer, the respondents further alleged that the petitioner, mother of the child, was a woman of loose morals and not a proper person to have custody. On December 23, 1946, upon hearing the action, the court approved an agreement made between the parties and awarded the custody of the child to the grandmother,

Grace Sowersby, with permission to the mother to visit the child at all reasonable times and to be permitted to take the child with her during the months of June, July and August, to California or to such other place where she might be living during the summer months, under order that she return the child to Wichita in time to commence each school year there. For reasons not necessary to recite here, the mother did not take custody of the child during the summer months, the child remaining with the maternal grandmother. On December 29, 1947, the father, Kitchener Atkinson, brought an action in habeas corpus in Sedgwick county against the grandmother to secure custody of his child. He asserted in the petition that he was not bound by any order of custody entered in the previous habeas corpus proceedings instituted by Lena Dove, since he was not a party to that action.

On December 30, 1947, the trial court sustained respondent's demurrer to the petition on the ground that it did not state a cause of action, but permitted the petitioner to file an amended petition which was thereupon dictated into the record. The respondent then asked for a continuance for the reason that she had not had time to prepare a return to the writ, but the application was denied and she was given leave to dictate a return to the writ into the record. The court proceeded forthwith to hear the action. The petitioner, who has remarried, and his wife Arlena Mae Atkinson, then testified. The court then indicated that it would consider the evidence previously introduced in the habeas corpus action brought by the child's mother, and that it did not wish to hear any further testimony or receive any further evidence in the matter. The court commented that it was going to consider the child's welfare; that it did not know how the father would treat the child but could see what the grandmother had done for the child over a period of four or five years, and that she had given it careful and watchful care; that it was not to the best interests of the child to take it out to a strange home with strange people, a new school system, new students, new teachers; that the father had a right to his child; that while the child is being well taken care of, eventually one of the parents would get the child anyhow; that neither the mother nor the father had cared whether they supported the child or not, but that the father now says he will pay something to help support it; that grandparents have no rights as far as their grandchildren are concerned, but he was very sorry for the grandmother; that he

would retain jurisdiction "and pass the case from term to term." The court then made the following finding:

"That the custody of said minor child remain in the maternal grandmother, Grace Sowersby, Defendant herein, *subject, however, to any further or future orders of this Court shall deem proper in the premises.* And that the physical possession of said child should be granted to the petitioner, KITCHENER ATKINSON, the father of said child, for a period of approximately one (1) year to commence at the end of the regular school term of the Wichita public schools, which will be the latter part of May, 1948, and that said petitioner be allowed and permitted to take said child with him back to his residence in California or wherever his legal residence may be in the United States at such time and keep said child with him until the end of the regular school term of the city and state where said petitioner is then living which will be the latter part of May or the early part of June, 1949, and then return said child at his own expense to the residence of the Defendant, Grace Sowersby, which, at present is in Wichita, Sedgwick county, Kansas. That the petitioner, during the time he has the possession of Rosetta Grace Atkinson, for the said period shall write at least once a month to the Defendant informing her as to his current correct address, the welfare and physical condition of the child and along such other matters pertaining to the child; and that the Defendant write the Petitioner at least once each month as to her present correct address, the welfare, physical condition, etc., of said child whenever said Defendant has possession of said child." (Italics supplied.)

On May 4, 1948, the grandmother, Grace Sowersby, filed a motion to vacate and set aside the above order of December 30, 1947, alleging among other things that if the father were permitted to take the child from the jurisdiction of the court he would refuse to return it upon order of the court, and that he should be required to furnish a sufficient bond guaranteeing the safe return of the child. She further asserted that she had been required to enter upon an immediate hearing on January 13, 1947, without opportunity to prepare in advance, and that subsequent to that hearing she had gone to great expense to determine and report to the court as to the suitability of the father to have possession of the child for a period of a year; that throughout the eight years of the child's life the father had failed, neglected and refused to make any payment for its support, although he had adequate means of ascertaining its whereabouts; that in the divorce action the father had sent a copy of the publication notice to the wife, and to her at Wellington, Kan., where he knew that the child was being kept by the grandmother; that during the eight years the father had taken no interest whatever in the welfare of his child; that he is a man of bad character and that on numerous occasions had been charged with crimes such as assault

with a deadly weapon, fighting in public places, and drunkenness, and that as late as Februray 22, 1948, he went to the home of the child's mother in California, being at that time extremely drunk and there used abusive and profane language against the child's mother and at that time attempted to attack and assault the mother's then husband, and had to be forceably ejected from their home. She asked the court to consider evidence that would be adduced in support of her allegations, and alleged that if the father were permitted to take the child with him that it would be contrary to the best interests and welfare of the child. She asked that the child remain within the custody and jurisdiction of the court in order that its welfare might from time to time be supervised.

The above motion was set for hearing on May 19, 1948. On May 10 the father filed a motion to strike and to quash the motion on the principal grounds that it did not contain any substantial, competent or revelant new material or allege any new facts which were not previously available to the court or by the exercise of reasonable diligence could have been within the knowledge of Grace Sowersby, the grandmother; that the previous habeas corpus action brought by the mother involved the same parties and that the matters at issue were *res judicata*, having been fully determined by the court on December 30, 1947.

The motion was heard by the court on May 13 and 14, 1948, at which time the grandmother offered certain FBI records purporting to show that the father had been charged with burglary and rape and various other crimes committed about the year 1941, all of which she had discovered since the hearing in December, 1947; the grandmother further offered to prove that the father had been guilty of drunkenness and fighting in February, 1948; that he committed perjury at the former hearing in that he then testified that he had not known where the child was, although the fact was that for all of the preceding six years he knew or could have learned of the child's whereabouts. Other allegations need not be recited. Counsel objected to the admission of the FBI records. Whether the objection was sustained, the record here does not make clear, but in any event the court stated that it had considered the matters included in the proffer and that such evidence was too remote. No further evidence was received, whereupon the court sustained the motion to quash the motion to vacate the order of December 30, 1947, with the proviso that the father should file a bond in the sum of $1,000,

conditioned that he would comply with the order of December 30, 1947, and any further orders of the court in regard to the return of the child, at his expense. This appeal followed and, pending the appeal, stay of execution of the judgment was granted by this court.

We first note appellee's contention that the appeal should be dismissed for the reason that the order from which the appeal was taken is not an appealable order. The contention is not good. Appellee cites decisions of this court holding that the ruling on a motion to strike was not appealable, and quotes syllabus 2 and from the opinion in *Estes v. Tobin Construction Co.,* 159 Kan. 322, 153 P. 2d 939. But counsel fails to note that in that case and in others the appeal was from an order *overruling* a motion to strike and not from one *sustaining* the motion, as in the instant case. It is true that an order overruling a motion to strike is not ordinarily appealable since it does not affect a substantial right or determine the action, and is therefore not a final order. In syllabus 2 of the Estes case, *supra,* cited by appellee, it is stated that rulings on a motion to strike are not appealable "unless they affect a substantial right and in effect determine the action." If the ruling is in effect a final order it is appealable. "Final orders" which, under the statute (G. S. 1935, 60-3302) are reviewable are defined, in part, as orders "affecting a substantial right in an action when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment." (G. S. 1935, 60-3303.) Clearly, the order sustaining the motion to strike affected a substantial right and determined the action. (*Funkhouser Equipment Co. v. Carroll,* 161 Kan. 428, 432, 168 P. 2d 918; *Hendricks v. Wichita Federal Savings & Loan Ass'n,* 157 Kan. 651, 655, 656, 143 P. 2d 780, and cases cited; see, also, 2 Kansas Digest, Appeal and Error, 78[3]).

Clearly the trial court erred in sustaining appellee's motion to strike appellant's motion to vacate the order of December 30, 1947, on the ground that it covered matters that were *res judicata.* In the motion she not only alleged that following the order of December 30, 1947, in which the father was given the right of possession of the child for a one-year period, and at which time she had been required to go to trial the next day after the father's petition for a writ had been filed, with no opportunity to prepare a defense, she had discovered that the father had a bad criminal record prior to

the time of that hearing, but that subsequent thereto and as late as February 22, 1948, he had been guilty of drunkenness, disorderly conduct, and attempts at personal assault. How could all this be *res judicata* when the court in its order of December 30, 1947, had specifically retained jurisdiction and had provided "that the custody of the said minor child remain in the maternal grandmother, Grace Sowersby . . . *subject, however, to any further or future orders of this court shall deem proper in the premises."* (Italics supplied.) Under such provisions of the order of December 30, 1947, the grandmother was clearly entitled to a hearing upon her motion, containing such allegations as those heretofore briefly summarized.

The judgment is reversed, with directions to overrule appellee's motion to quash or strike the motion of Grace Sowersby to vacate the court's order of December 30, 1947.