No. 37,309
No. 37,310

O. F. SULLIVAN, *Appellee*, v. PARAMOUNT FILM DISTRIBUTING CORPORATION, *Appellant* (R. M. Copeland, Defendant).

(199 P. 2d 502)

Opinion filed November 13, 1948.

*Homer V. Gooing*, of Wichita, argued the cause, and *Howard T. Fleeson, Wayne Coulson, Paul R. Kitch, Dale M. Stucky* and *Donald R. Newkirk*, all of Wichita, were with him on the briefs for the appellant.

*Ray H. Tinder*, of Wichita, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: These two actions are for damages for breach of contract to deliver a motion-picture film for exhibition. Judgment was for plaintiff striking a portion of the answer of defendants. The defendants have appealed.

The two cases are identical as to legal questions and have been consolidated in this court. The statement of facts will be made as to only one of them. The amended petition stated that plaintiff was a citizen of Wichita and the defendant corporation a Delaware corporation and the defendant Copeland was its manager; that the plaintiff operated motion-picture theaters in Wichita and defendant corporation had furnished him with films for display for many years; that the plaintiff orally contracted with the distributing corporation

for the exhibition of certain film called "Lost Week End" for certain specified dates, the film to be displayed on a percentage basis; that defendants about June 5, 1946, demanded from the plaintiff that he permit the distributing corporation to allow checkers with clocks on the premises of his theaters and threatened if he did not do so defendants would cancel his contracts for the showing of films, especially the film referred to; that plaintiff refused to allow these checkers on his premises and defendant corporation did refuse to deliver the film and plaintiff was damaged in the amount of $2,999.

The amended petition then alleged that the contract was oral and was made on or about June 3 between plaintiff and one Stark, who was the duly authorized agent of the defendant corporation, and that it was agreed that the film known as "The Lost Week End" should run for three consecutive days at the West Theater between June 25 and June 27, 1946, and plaintiff was to pay defendant thirty-five percent of the paid admissions. The petition alleged at the same time the plaintiff orally agreed to exhibit the film and the plaintiff had no agreement with defendant distributing company to allow checkers with clocks on the premises but on the other hand plaintiff had informed and notified the corporation that he would not permit checkers with clocks on his premises.

Defendant film company answered first with a general denial and then admitted the allegations as to the existence of the corporation and the residence of the plaintiff. It specifically denied the making of the oral contract alleged and specifically denied defendant corporation had ever made any oral contract to furnish any film and denied that Stark was ever authorized by the corporation to make any contract with the plaintiff. It then alleged that on the 3d day of January the plaintiff signed and delivered an agreement in writing for exhibition in the West Theater in Wichita of the motion picture "Lost Week End" and other motion pictures, and alleged that on or about February 8, 1946, these contract forms were approved and accepted by the defendant. A copy of this written contract was attached to the answer.

The answer also pleaded that by the terms of the written contract the plaintiff agreed to pay a designated percentage of the gross receipts to defendant and agreed that the defendant should have the right to free access to plaintiff's theater to check the admissions and receipts and that the contract also provided in the event of failure of the plaintiff to perform any of the terms of the contract

the defendant had the right to suspend delivery of any motion picture. The answer then alleged that about the 5th day of June the plaintiff notified the defendant that he would not permit any representatives of this defendant to have access to his theaters for the purpose of verifying admissions and receipts and defendants elected to suspend delivery to plaintiff of the film "Lost Week End" and denied that this suspension of the motion picture "Lost Week End" constituted a breach of the contract or caused damage to the plaintiff, but alleged in the event it should be determined that such suspension of delivery did constitute a breach of the contract then the plaintiff's recovery should be limited by the terms of the contract.

The plaintiff filed a motion to strike from the answer all references to the written contract on the ground that it was illegal and void. This motion was sustained. The defendants choose to treat this order as a demurrer to the defense involving the written contract and have appealed.

This written contract contains a clause fixing the prices the exhibitors may charge for a film. Such contracts have been held illegal. That is the ground upon which the trial court struck this defense.

We find it unnecessary, however, to decide the question of whether this contract is illegal. The question with which we are confronted in this appeal is whether the defendants have a right to plead this contract in view of the pleadings of plaintiff. The situation is this: The plaintiff alleged that on a certain day, naming it, he entered into an oral contract with the defendant. The defendant denied the oral contract but said that on the same day they entered into a written contract with the defendants—hence our question is, when a plaintiff alleges when he had an oral contract with the defendant may the defendants plead in effect "No we did not have an oral contract, we had a written contract covering the same subject matter entered into on the same day" and here it is—the answer to that question is "Yes." (See *Davis v. McCrocklin,* 34 Kan. 218, 8 Pac. 196; *Funkhouser Equipment Co. v. Carroll,* 161 Kan. 428, 168 P. 2d 918.)

The best possible defense to allegations of an oral contract is that the contract the parties actually entered into on the same date was written. Perhaps on trial of the action plaintiff will be able to prove an oral contract instead of the written one. This is not the time to pass on the effect of such proof. We find it unnecessary to

decide at this stage of the case whether the plaintiff will suffer the same fate from the iniquity of the written contract that it now urges should be that of the defendant. It may be stated in effect, however, that G. S. 1935, 50-112 and 50-116, provides as follows:

"That when an action at law or suit in equity shall be commenced in any court of this state, it shall be lawful in the defense thereof to plead in bar or in abatement that the plaintiff or any other person interested in the prosecution of the case is a member or agent of an unlawful combination as described in section one [50-112] or two [50-113] of this act, or that the cause of action grows out of such combination, or out of some business or transaction thereof."

See, also, *Mills v. Ordnance Co.*, 113 Kan. 479, 215 Pac. 314; *Joslin v. Steffen Ice & Ice Cream Co.*, 143 Kan. 409, 54 P. 2d 941; *Gard v. Holmes*, 132 Kan. 443, 295 Pac. 716; and *Morrison v. Bandt*, 145 Kan. 942, 67 P. 2d 584.

The judgment of the trial court is reversed with directions to proceed with the trial of the case in accordance with the views expressed herein.

COWAN, J., not participating.