No. 40,146

Vincent P. Mecke, *Appellee,* v. Harold B. Beck, *Appellant.*
(298 P. 2d 252)

Opinion filed June 9, 1956.

*George B. Powers,* and *Gerald Sawatsky,* both of Wichita, argued the cause, and *Samuel E. Bartlett, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin,* and *Richard C. Harris,* all of Wichita, were with them on the briefs for the appellant.

*Harry Gillig,* of Wichita, argued the cause, and *W. J. Glass,* and *Herbert K. Dodd,* both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Thiele, J.: In form this action was to recover damages for an alleged libel. Parts of the defendant's answer were stricken and the defendant appeals.

As the result of motions made and sustained the plaintiff filed his amended petition alleging that he was an employee of Boeing Airplane Company, hereafter called the company, with the position of inspector, and that defendant was an employee of the company with the position of supervisor; that the defendant, solely to injure plaintiff in his position as an inspector with the company and to deprive him of his good name and reputation and to bring him into scorn and ridicule before his employer and fellow employees and friends and acquaintances did, on January 11, 1954, falsely and wrongfully write and circulate through specified departments of the company and to the general superintendent of the company and to the International Association of Machinists union, Local No. 824, District Lodge No. 70, hereafter called the union, a false, scandalous and defamatory libel, following which is set forth an inter office memorandum reporting on errors made by the plaintiff, and stating plaintiff was unable to properly lead lower grade inspectors; that his instructions to them were not definite and that he seemed unable to answer questions so that persons addressed could under-

stand, and that he was being demoted. Plaintiff alleged the statement was intended to convey that he was not a skilled inspector and was issued by the defendant to ruin plaintiff in his occupation and position and to cause him financial loss, and that all of the allegations in the libel were untrue. He also alleged the reduction in his wages; that the libel was maliciously made, and that he had suffered a loss in wages of $500 and would sustain further loss of wages in the future, and by reason of the libel having been maliciously and wantonly committed, he was entitled to exemplary and punitive damages in the amount of $5,000, and he prayed for judgment against the defendant for $5,500.

Defendant filed an answer admitting the employments and denying the remainder of plaintiff's allegations. He then alleged that any and all statements made by him were pursuant to his employment and as part of the rules and regulations set forth between the company and the union of which plaintiff was a member and bound by the contract between the union and the company, and that all communications set forth in the petition and made by him were in due course of business and were privileged communications; that such communications were made without malice toward plaintiff, were under circumstances rendering them privileged, were part of fair comment which he was entitled to indulge, and were true, and he denied that any of the statements made were libelous. The fifth paragraph of the answer recited:

"Fifth: In addition, and for further affirmative defense, this defendant alleges and states that by virtue of a contract between the Boeing Airplane Company and the International Association of Machinists effective June 25, 1953, and to which contract the plaintiff herein is bound as a member of the International Association of Machinists, a copy of which contract is hereto referred to and made a part hereof by reference as if fully set forth herein, a grievance procedure is set up and was and is operating within the plant. That the plaintiff is subject to such grievance procedure; that said plaintiff did choose his forum by electing to proceed under the grievance procedure of said contract; that a full and complete hearing was had under said grievance procedure, and that the decision in said procedure was determined against the plaintiff herein on the position he now asserts. That said plaintiff herein has elected his forum and has elected his remedies, and that he is no longer entitled to proceed in this action."

The prayer was that defendant go hence without day and recover his costs.

Plaintiff moved that Paragraph 5 of the answer be made more definite and certain by attaching a copy of the contract between the

company and the union, effective June 25, 1953, and a copy of the decision rendered under the grievance procedure of the contract. The trial court heard this motion and denied it as made but directed defendant to furnish copies to the plaintiff. Thereupon the defendant amended his answer by attaching a copy of the grievance form executed by plaintiff under date of January 15, 1954, in which he protested the reduction in grade given him on January 11, 1954, as unjust and asked that he be reclassified and paid for all lost pay. The copy showed the decision of the foreman Beck was that there was no contract violation and demotion was justified; that the foreman's decision was rejected by the acting committeeman and that later the personnel director and the plant chairman reported that investigation showed plaintiff failed to perform job assignments in a satisfactory manner and it was the industrial relations director's decision that plaintiff's demotion was justified. Defendant also attached a copy of the agreement between the company and the union made June 25, 1953. The printing of this contract consumes fifty-five pages of the abstract and no attempt will be made to summarize the contract further than to say it covers employment at the company's plant and includes provisions for the maintenance of union membership and for the settlement of disputes growing out of employment and the method of handling grievances and the steps to be taken in handling grievances. Briefly stated these steps include presentation of complaints and grievances to the employee's shop committeeman or his supervisor for investigation, opportunity of a union committeeman to be present, for conference if necessary, and if no mutually satisfactory settlement be reached, for reference to the industrial relations director; for examination of the grievance by the industrial relations director or his designee and if settlement is not agreed upon by the industrial relations director or his designee and the plant chairman, the matter shall be referred to the grievance board, and if that board does not reach a mutually satisfactory settlement, for submission to a board of arbitration, which shall hear the grievance and render a decision which shall be final and binding upon both parties.

After the answer had been amended, plaintiff moved the court for an order striking the amendment to the answer and Paragraph 5 quoted above for the asserted reasons that the allegations thereof were irrelevant, immaterial and incompetent; that the grievance form of plaintiff shows it was not submitted to the grievance board

nor to the arbitration board; that the contract does not provide that the grievance procedure is in lieu of any court action by any of the parties involved, nor does it provide that the same shall be final and binding upon both parties.

On August 23, 1955, the trial court sustained the motion to strike, and on September 19, 1955, the trial court denied defendant's motion for a rehearing. On October 21, 1955, the defendant perfected his appeal from both of the above rulings. In this court appellant specifies as error the ruling of the trial court sustaining the appellee's motion to strike Paragraph 5 of his answer as amended.

The fundamental question presented is whether the stricken portions of the appellant's answer constituted a defense and as such is an appealable order. (See, e. g., *Atkinson v. Sowersby*, 165 Kan. 678, 683, 198 P. 2d 158, and authorities cited.) The fact we entertain the appeal does not mean, however, that we will take up and discuss the legal effect of matters which may later be put in issue by reply.

We note first that appellee's motion to strike is based on various reasons. One ground is that the grievance form shows it was not submitted to the grievance board nor to the arbitration board and may present a mixed question of law or of fact. Dealt with as a question of law, under the contract by which, so far as the record now discloses appellee was bound, when his grievance was settled by agreement of the industrial relations director or his designee and the plant chairman of the union, the matter was concluded and there was no further proceeding called for under the contract. With respect to the ground that the contract between the company and the union does not provide that the grievance procedure is in lieu of court action, nor does it provide the agreement shall be final and binding upon all parties, we observe the following. Appellee bases a part of his damages upon the claim that because of appellant's signing of various documents he lost wages in the amount of $500, and under his allegations and prayer that is all of the actual damages he sustained. His loss of wages grew out of the report made by appellant, following which appellee presented the matter of his demotion and his right to claimed earned but unpaid wages by grievance which followed the channels provided in the contract and was decided against him. Under the contract that decision was reached by

the designee of the industrial relations director and approved by plant chairman and became a finality under the contract. Had disagreement resulted, the matter ultimately would have reached the board of arbitration whose decision would have been final and binding on both parties. We are not disposed at this time to say that merely because the contract does not specifically provide that the rights and procedures therein granted are in lieu of any court action, that that result does not follow. We are satisfied that the trial court was not justified in striking Paragraph 5 of the answer as amended for any of the reasons just discussed.

The next question is whether the allegations stricken were irrelevant, immaterial and incompetent, or otherwise stated, did they allege a defense. At this stage of the case we shall not discuss the question whether appellant was guilty of malice in making his report as to appellee's shortcomings as an employee under him, or that his statements so made were false. Appellant had the right to and did deny both of those charges and he properly alleged that such reports as he made were in pursuance of the rules and regulations between the company and the union of which appellee was a member and by which appellee was bound, and that such reports were privileged communications. That the contract was relevant to those matters cannot be denied.

Although much space is devoted in the briefs to the rule of *res adjudicata* and when it may be applied, we shall not discuss it. The allegations of the fifth paragraph do not plead that the matter of libel is *res adjudicata*. They do plead that under the contract between the company and the union the appellee filed a grievance, which included the claimed loss of wages, and that the decision had under the grievance procedure of the contract determined that question. Appellant alleged that by invoking the grievance procedure plaintiff elected his forum and is bound by the result. We here observe that such a contention must be limited to wages, and not to the general question of liability for alleged libel.

We have no disposition to or intention of discussing possible liabilities in a case where the issues have not been joined. It may well be, as appellant contends, that the trial of the action will disclose that in a proper prior proceeding the matter of wages was decided so that it may not be reconsidered in a subsequent action but we do not think that at this stage of the case, we should, in effect, try the case and determine it.

We are of the opinion that the allegations of paragraph five of the answer and the amendments to the answer were pertinent and relevant generally to the cause of action stated in the petition and specifically to the question of loss of wages; that they stated a *prima facie* defense, and that they should not have been stricken.

The order of the trial court of which complaint is made is reversed and set aside, and the cause is remanded for further proceedings.