No. 40,080

In the Matter of Condemnation of Land for State Highway Purposes. (CECIL McCULLOUGH and VIOLET MARIE McCULLOUGH, *Appellants*, v. THE STATE HIGHWAY COMMISSION OF KANSAS, *Appellee.*)

(302 P. 2d 993)

Opinion filed November 3, 1956.

*Payne H. Ratner,* of Wichita, argued the cause, and *Louise Mattox; Payne H. Ratner, Jr., Russell Cranmer, Dale B. Stinson, Jr., Cliff W. Ratner, William L. Fry, A. Wayne Murphy, Ray A. Overpeck, Bernard V. Borst, H. K. Green-leaf, Jr.,* and *D. Clifford Allison,* all of Wichita, were with him on the briefs for appellants.

*Roy G. Lowe,* of Olathe, argued the cause, and *W. B. Kirkpatrick,* Assistant Attorney General, and *Stanley Taylor,* of Topeka, and *Robert M. King, H. Pauline Woodward* and *R. C. Woodward,* of El Dorado, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from an order striking certain allegations from the landowners' bill of particulars in a state highway condemnation case. In September, 1953, the State Highway Commission, desiring to raise the grade and widen a portion of its state highway system known as U. S. Highway 54 west of the city of Augusta, filed its petition for the appointment of appraisers for the taking of a strip of land 57 feet wide and 550 feet long belonging to appellants, and adjoining the then right of way of the state highway system. Commissioners were appointed who gave notice as provided by law and made an appraisement for the land taken. On November 19, 1953, being dissatisfied with the appraisement, the appellant landowners filed with the clerk of the district court a notice of appeal and an appeal bond, which bond was approved by the clerk of the district court.

On July 7, 1955, appellants filed a bill of particulars in the appeal

proceedings and on July 20, 1955, the State Highway Commission filed its motion to strike therefrom all reference to damages which appellants alleged they sustained by reason of change or raise in grade of the highway right of way adjoining their land, and those relating to the necessity of any dirt fill to raise appellants' property to the level of the surface of the state highway as presently raised and improved. The district court sustained the motion to strike and the landowners have appealed. They specify as error the sustaining of the State Highway Commission's motion to strike.

It is not necessary to summarize the allegations of the bill of particulars or of the motion to strike.

We are of the opinion the district court erred in sustaining the motion to strike and in not requiring the State Highway Commission to file its answer and proceed to trial on the issues thus joined. We find nothing in the statute (G. S. 1955 Supp., 26-102) which authorizes the filing of a bill of particulars in a condemnation proceeding, but, if a bill of particulars is filed by the appealing landowner in which he alleges the damages sustained by reason thereof, the proper procedure requires the condemner to file its answer setting forth any and all defenses it may deem to have to the matters alleged in the bill of particulars, and to proceed to trial.

The judgment is reversed with directions to the district court to overrule the motion to strike and to proceed further in accordance with this opinion.

It is so ordered.