No. 34,877

HARRY E. MILLER, Administrator de bonis non of the Estate of Lizzie Bockes, Deceased, *Appellee*, v. WILLIAM WHISTLER (NORMAN SAYLOR, L. J. SMITH, L. McMILLAN, U. S. DAVIS and C. E. POISTER, Executor of the Estate of William Whistler, Deceased, *Appellants*).

(110 P. 2d 744)

. Opinion filed March 8, 1941.

*Walker F. Means,* of Hiawatha, for the appellants.

*L. E. Helvern* and *Richard W. Shaw,* both of Hiawatha, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: The trial court sustained a motion to strike certain allegations from the answer of defendants. This appeal is from the order and ruling so made.

Lizzie Bockes, a resident of Brown county, died April 19, 1931. She was an incompetent and at the time of her death William Whistler was her guardian. Whistler filed a final settlement as guardian, which was approved by the probate court of Brown county May 2, 1931. Whistler was appointed administrator of the estate of Lizzie Bockes and gave bond for the faithful performance of his duties. In 1935 Whistler resigned as administrator and made final settlement, which was approved by the court October 1, 1935.

The present action was brought by the administrator *de bonis non* of the estate of Lizzie Bockes against Whistler and the sureties on his bond as administrator to recover large sums due the estate by reason of the negligence and misconduct of Whistler as administrator. Thereafter Whistler died and his executor was made a party.

The defendants filed a demurrer to the second amended petition on the ground such second amended petition failed to state a cause of action. The demurrer was overruled and defendants were given thirty days to answer. In due time defendants filed an answer. The answer was attacked by a motion to strike, and this motion was sustained. This appeal is from the order sustaining that motion.

Where an order sustaining a motion to strike has the effect of a demurrer, the order is appealable. (*Grain Co. v. Coöperative Association*, 109 Kan. 293, 198 Pac. 964; *Wigton v. Donnelly*, 122 Kan. 796, 253 Pac. 400; *Whitlaw v. Insurance Co.*, 86 Kan. 826, 122 Pac. 1039.)

The petition charged that Whistler as administrator of the estate of Lizzie Bockes failed and neglected to perform his duties as such administrator; that he came into the possession of various notes due the estate, and that by his neglect and delay in the collection of such notes, the makers became insolvent and the notes became worthless; that he failed to turn over to his successor large sums in his hands belonging to the estate; that as guardian of Lizzie Bockes, he paid claims against the estate of his ward that had been barred by the statute of limitations; that as guardian he had paid fraudulent claims in large amounts; that as administrator it was his duty to bring action upon his bond as guardian to recover funds fraudulently diverted and misappropriated, but that he failed and neglected to take any action for such recovery. It was alleged that as administrator he aided and assisted certain persons in presenting fraudulent claims against the estate, and paid such claims out of the estate. It was alleged that the final settlement on October 1, 1935, was made without notice, and was fraudulent and void.

Paragraph 4 of defendants' answer alleged that the final settlement of Whistler entered on October 1, 1935, was duly and regularly entered according to law; that the order approving the settlement was not appealed from; that the settlement was a final judgment and all questions touching the liability of the administrator to the estate are *res judicata*.

It is evident that the order of the court striking paragraph 4 of the answer had the effect of taking out of the answer of defendants the defense of *res judicata*. Likewise the order to strike deprived defendants of the plea of the statute of limitations as therein pleaded, and deprived defendants of other defenses not necessary to enlarge upon.

It is apparent the matters stricken went to the merits of the action, were pertinent defenses which the defendants were entitled to plead, and such motion was equivalent to a demurrer to the defenses pleaded. We think the order to strike was an appealable order. See cases cited, *supra*.

Appellee contends that matters raised, argued and briefed, which were decided by the court upon overruling the demurrer to plaintiff's petition, and unappealed cannot again be raised by being pleaded in the answer of defendants. It is asserted that the matters set up in the answer and which were stricken were briefed and submitted to the court upon the demurrer to the petition, and as the decision on the demurrer was not appealed, that the ruling on the demurrer was a final adjudication, and therefore the motion to strike was properly sustained. In support of these contentions appellee cites 49 C. J. 693, sec. 984, and Iowa decisions.

We do not think the contentions of appellee can be sustained.

Our statute G. S. 1935, 60-758, provides that upon a demurrer being overruled, the party who demurred may answer if the court or judge is satisfied that he has a meritorious defense, and did not demur for delay. In overruling the demurrer the court made an order giving defendant thirty days in which to file an answer. Manifestly the court was satisfied the defendant had a meritorious defense.

The argument of appellee is based on the assumption that as there was no appeal from the ruling on the demurrer to the petition, that such ruling was a final adjudication. However, if final judgment should be entered in the case against defendants, and an appeal from such judgment should be taken within two months, then, under G. S. 1939 Supp., 60-3314a, the ruling on the demurrer would be subject to review.

As stated when the demurrer was overruled, the defendants were granted time to answer. As the answer filed appears to set up a meritorious defense, we think the court erred in sustaining the motion to strike.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.