No. 36,827

The Cow Creek Valley Flood Prevention Association by Gilbert Shuler et al., *Appellees* and *Cross-appellants*, v. The City of Hutchinson, Albert D. Bell, as Mayor, Forrest McCandless et al., as City Commissioners, and T. C. Smith, as City Clerk, *Appellants*.

(181 P. 2d 320)

Franklin B. Hettinger, judge. Opinion filed June 7, 1947.

*Wesley E. Brown,* of Hutchinson, argued the cause, and *Albert S. Teed, D. C. Martindell, W. D. P. Carey, Edward B. Brabets, Robert Gilliland, John Hayes, J. N. Tincher, Clyde A. Raleigh, J. N. Tincher, Jr.* and *Eugene A. White,* all of Hutchinson, were with him on the briefs for the appellants.

*Walter F. Jones,* of Hutchinson, argued the cause, and *J. Richards Hunter* and *Harry H. Dunn,* both of Hutchinson, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Wedell, J.: This action was instituted by a number of land-owners on behalf of themselves and the Cow Creek Valley Flood Prevention Association to enjoin the city of Hutchinson and its officials from proceeding with a proposed flood-control project. No final judgment has been rendered. The defendant city has appealed from an adverse ruling made in the determination of questions of law prior to trial and plaintiffs have cross-appealed from a number of such rulings.

Before considering the principal appeal of the defendant we are

met with plaintiffs' contention the rulings of the trial court and defendant's appeal are premature. Plaintiffs frankly state their cross-appeal was taken only for protection in the event this court should determine the principal appeal is properly here.

We 'shall first direct our attention to the question whether defendant's appeal is properly before us.

Defendant filed a motion to have plaintiffs' petition made definite and certain and to strike portions thereof. It abandoned that motion and filed its answer. Plaintiffs filed a motion to strike numerous designated portions of defendant's answer, ". . . for the reason that the same is redundant, is an attempt to plead evidence which has no bearing upon the issues in the case and for the further reason that the same does not constitute an answer or defense to any of the issues in plaintiff's petition nor does it set out any issues in defense of the petition, and for the further reason that it is irrelevant and immaterial."

There has been no ruling on that motion and plaintiffs have had no opportunity to file a reply for the purpose of joining issues on any allegations contained in defendant's answer. Immediately after plaintiffs filed the above motion to strike the defendant filed a motion for a determination of questions of law prior to trial. The trial court made such rulings.

The city contends it had the right to obtain a determination of questions of law prior to trial under authority of G. S. 1935, 60-2902. It provides:

"Issues of law must be tried by the court or judge unless referred. The court or judge may in his discretion hear and pass upon any or all questions of law arising in the case, not raised by motion or demurrer but appearing to be involved in the case under the allegations of the pleadings, as well as those raised by motion or demurrer, in advance of the trial of the facts, and the questions so decided and the rulings of the court thereon shall be stated in writing and filed as a part of the record in the case."

The plaintiffs contend they were entitled to have a ruling on their motion to strike and, following such ruling, to appeal therefrom, if adverse, or to file a reply to the answer; that in any event there could be no determination of questions of law prior to trial under the statute until the issues in the case were completely joined by appropriate pleadings.

Obviously the statute was not intended to deprive parties, in the process of joining issues, from attacking a pleading by motion or

demurrer and obtaining a ruling thereon. That point requires little, if any, exposition. The effect of a ruling on some motions is such as to make the ruling appealable. (G. S. 1935, 60-3302; 60-3303.) If a demurrer is sustained or overruled the order is appealable. (G. S. 1935, 60-3302.) Where a motion to strike is tantamount to a demurrer the ruling thereon is reviewable. (*Miller v. Whistler,* 153 Kan. 329, 110 P. 2d 744; *In re Estate of Reed,* 157 Kan. 602, 142 P. 2d 824; *Funkhouser Equipment Co. v. Carroll,* 161 Kan. 428, 168 P. 2d 918.) Plaintiffs' motion to strike, as previously shown, challenged, among other things, the sufficiency of the answer to state a defense. It was, therefore, clearly tantamount to a demurrer. We have no doubt G. S. 1935, 60-2902, was not intended to deprive parties of their right under the code of civil procedure to attack pleadings by appropriate motions or demurrers and to obtain rulings thereon and to appeal therefrom where the ruling is appealable.

What then is the true purpose of the statute and at what stage of the proceedings may the trial court properly exercise its discretion to determine questions of law which will govern the trial of the facts? We think the primary purpose of the statute is to enable district courts to aid counsel in the orderly and efficient trial of cases. It vests in the district court the discretion to determine, in advance of trial, questions of law arising in the case irrespective of whether pleadings are challenged by motion or demurrer. Such procedure may, in certain cases, serve to aid counsel in trying cases with greater efficiency and with a substantial saving of time and expense. It must, however, be observed the statute grants such discretionary power to pass upon questions of law "arising in the case" only "under the allegations of the pleadings." That means all of the pleadings that may be filed under the provisions of the civil code. Until such pleadings are completed it cannot be certain that the issues are fully joined. Until the issues are fully joined there can be no determination of questions of law which may be relied upon to govern the trial of the case. In the instant case there being no ruling on plaintiffs' motion to strike portions of defendant's answer, plaintiffs could not appeal from such ruling and were also deprived of all opportunity to file a reply to the allegations of the answer. A reply might, in view of plaintiffs' contention, become exceedingly important in this case. G. S. 1935, 60-717 provides:

"When the answer contains new matter, the plaintiff may reply to such new matter, denying, generally or specifically, each allegation controverted by him; and he may allege, in ordinary and concise language, and without repetition, any new matter not inconsistent with the petition, constituting a defense to such new matter in the answer; or he may demur to the same for insufficiency, stating in his demurrer, the grounds thereof, and he may demur to one or more of such defenses set up in the answer, and reply to the residue."

It is, of course, possible that questions of law, or some of them, now appearing from the incomplete pleadings may not be substantially changed by the filing of a reply. On the other hand, we cannot assume such questions of law will be affected in nowise by other legal questions that may be raised by allegations of a reply. But whether they are or not the statute clearly contemplates all issues in the case should be fully joined by the pleadings in the manner provided by the code of civil procedure before there can be a proper determination of questions of law upon which counsel may rely as governing the trial of the case.

No case is cited and our research discloses none in which this court has ever entertained an appeal from determination of questions of law prior to trial under the statute where the issues were not fully joined by the pleadings authorized by the code. In fact, we recall no case in which an appeal has been attempted under such circumstances. A careful examination of important questions now alleged to be involved and of others which may become involved in this litigation clearly emphasizes the necessity of proceeding properly under the statute in question. Any other procedure may easily result in confusion and a defeat of the very intent and purpose of a wholesome statute.

Parties frequently motion a pleading or demur to it. As previously indicated that is a statutory privilege not denied by G. S. 1935, 60-2902. Notwithstanding that right it may be helpful to the trial court and the parties, in certain cases, to delay a ruling on a motion or demurrer until the pleadings are completed and the issues are fully made up in order that the trial court and the parties may be fully advised of contentions in the premises. Such a problem was ably handled by the district court in *Haynes Hardware Co. v. Western Casualty & Surety Co.*, 156 Kan. 356, 133 P. 2d 574, where the court recognized defendant's right to obtain a ruling on a demurrer to a petition but also clearly understood it could not determine ques-

tions of law in the case until the issues were completely joined. We there said:

"Appellant demurred to the amended petition on the ground it did not state a cause of action and for the reason several causes of action were improperly joined. Appellant had previously lodged a general demurrer to the original petition, which was sustained. That ruling will be treated later under a separate contention. When the last demurrer was presented the trial court suggested it might be advantageous to the parties not to have a ruling thereon at the time and that they join issues by appropriate pleadings and have a pretrial of all legal questions involved pursuant to the provisions of G. S. 1935, 60-2902. They were advised that, if such procedure were followed, they would waive no rights under the demurrers previously filed and that no prejudice would result to any of the parties by reason of the suggested procedure. The parties stipulated to follow the suggested procedure and joined issues by filing appropriate pleadings. Later the parties also stipulated as to the facts. Pursuant to the provisions of G. S. 1935, 60-2902, the trial court filed its rulings on all issues of law and rendered judgment accordingly." (p. 357.)

Of course, parties frequently do not desire to stipulate as to facts and they are not obliged to do so. But the manner in which the situation presented was handled in the Haynes Hardware Co. case discloses how the rights of parties with respect to a motion or demurrer may be preserved and the statute in question made to operate effectively, with a saving of time and expense of intermediate appeals, if the parties are willing to so proceed.

In the instant case the determination of questions of law to govern the trial of the case was premature. It follows defendant's appeal is likewise premature. Its appeal and the cross-appeal must, therefore, be dismissed. It is so ordered.

HOCH, J., not participating.