**Henry ISAACSON, Jr., Appellant,**

v.

**James W. JONES, Appellee.**

**James W. JONES, Appellant,**

v.

**Henry ISAACSON, Jr., Appellee.**

**No. 13570.**

United States Court of Appeals
Ninth Circuit.

Sept. 23, 1954.

As Amended on Denial of Rehearing
Dec. 6, 1954.

See also 200 F.2d 409.

Robert V. Holland, Bogle, Bogle & Gates, Seattle, Wash., for appellant.

Vaughn E. Evans, Evans, McLaren, Lane, Powell & Beeks, Seattle, Wash., for appellee.

Before BONE, ORR and CHAMBERS, Circuit Judges.

ORR, Circuit Judge.

Appellant Isaacson, Jr., hereafter referred to as respondent, was, on the 2nd day of June, 1951, the owner of a boat known as a 22-foot Chris-Craft Sportsman. On said 2nd day of June, 1951, respondent and certain guests, among whom was appellee Jones, hereafter referred to as libelant, were engaged in the sport known as water skiing. Respondent was operating the boat and towing a water skier. Libelant was a passenger in the boat. In the process of towing the skier respondent made at least three quite sharp turns. This sort of maneuvering is usually indulged in when towing a skier as it is recognized as adding thrills and excitement to the sport and

is an action quite familiar to those who indulge therein. During the time that at least two sharp turns were maneuvered, libelant was sitting on the engine hatch cover, recognized as a safe position. His concern, as expressed to respondent, was whether the boat would turn over. He was assured by respondent that it would not. Thereafter libelant left the safe position he was occupying and sat on the gunwale directly behind the seat respondent was occupying. Shortly thereafter respondent maneuvered the boat into a sharp unannounced turn. Libelant was thrown backward out of the boat. He was hit by the boat's propeller and sustained injuries to his right arm. The trial court found that respondent's operation of the boat was negligent and that such negligence was the proximate cause of libelant's injury. Respondent assigns this finding as error.

■ The trial court made what seem to us somewhat inconsistent findings as to respondent's negligence. In finding III it is said: "That * * * the respondent, *well knowing* the position of the libelant in said vessel, carelessly, negligently and suddenly and without warning or without in any manner reducing the speed of said vessel and without looking to ascertain where his passengers were located, directed the helm and course of said vessel violently to the left, * * *." (Italics ours.) In finding VII it is stated: "That the respondent failed to perform that duty of due and ordinary care which he owed to his guest, the libelant, and that respondent failed to observe, and also to exercise due and ordinary care to observe, the dangerous position in which the libelant was at the time the respondent began executing the sharp turn which was being made at the time of the accident, and as a result of the respondent's failure in that respect, and as a result of his failure to warn the libelant, the libelant was caught off guard and was precipitated overboard by the negligent conduct of the respondent; * * *." We have examined the record and conclude that

the evidence substantially supports finding III and not finding VII. We, therefore, disregard finding VII.

■ At the time libelant took his seat on the gunwale directly behind respondent, he leaned forward and engaged respondent in conversation. Libelant testified that he saw respondent's eyes on one or two occasions during the course of the conversation as respondent turned around to look at the water skier. It seems apparent that respondent could not have avoided knowledge of the precarious position in which libelant was sitting. Under such circumstances he had a duty to warn libelant that he was about to make another sharp turn.

The trial court found that libelant was not contributorily negligent. We think this finding is not supported by the evidence. The trial court found that libelant had less experience than respondent in water skiing activities, and had no knowledge of any danger to himself and that libelant exercised due care for his own safety.

■ Libelant had indulged in the sport of water skiing to a considerable extent. He had been towed on water skis some twenty times. On other occasions he had ridden in a boat towing skiers. His testimony discloses that, from such experience, he was aware that sharp turns and fast speeds are to be anticipated in a normal skiing operation in order to provide the thrills and excitement which make the sport attractive. Sharp turns had been made by respondent's boat previous to libelant's changing seats. Libelant is a college graduate, twenty-five years of age at the time of the accident. It seems inescapable that a man of his age and experience knew, or should have known, that sitting on the gunwale under the circumstances, was dangerous in the extreme. The above recited facts in our opinion establish, without question, that libelant did not exercise the ordinary care for his own safety which his knowledge and experience required; hence, he was contributorily negligent.

The finding that respondent had greater experience in the manipulation of a boat and its probable consequences than libelant, is supported by the evidence. However, this did not excuse libelant from exercising due care. The finding that respondent was negligent and our determination that libelant was contributorily so, require the application of the doctrine of comparative negligence in an admiralty case. This is a function that properly should be performed by the trial court.

Respondent urges that the maxim *volenti non fit injuria* applies in this case because libelant assumed the risks naturally incident to riding in a boat towing a water skier, inasmuch as he was familiar with the operation. Libelant assumed only the risks incident to the reasonable and prudent operation of a boat towing a water skier. The negligence in the operation of the boat in the instant case consisted of a failure to warn libelant, having knowledge of his perilous position, before making the sharp turn which catapulted him from the boat. Libelant should not be held to have in any way consented to such negligent operation. He may well have assumed the risks naturally incident to riding in a boat towing a water skier, but a negligent failure to warn is not one of those risks. Cf. Fred Harvey Corporation v. Mateas, 9 Cir., 1948, 170 F.2d 612.

Libelant has cross-appealed and contends that the trial court erred in refusing to admit proffered evidence which he contends was competent for the Court to consider in its determination of loss of future earnings by him. An insurance actuary was asked to give his opinion as to the probable future income, based on averages of a person with libelant's educational background. Such evidence would be entirely speculative and of little weight in determining the damages suffered by libelant. Also rejected was proffered testimony by libelant's employer as to libelant's probable future earnings beyond a period of five years. Evidence of the probable earnings of li-belant for five years was admitted but the Court considered a period beyond that too uncertain. This ruling was not erroneous.

Libelant also contends that the damages awarded by the trial court were grossly inadequate. Inasmuch as this case must be returned to the trial court for the purpose of permitting it to take into consideration the fact of contributory negligence in the assessing of damages, we should not pass upon that question at this time. Other contentions are made. We have examined them and find them to be without merit.

The judgment of the District Court is vacated and said court is directed to make such further finding and enter such judgment as it may deem fit and proper, after taking into consideration the contributory negligence of appellant. This to be done solely upon the record now before the District Court and without further proceedings. The relief asked for by libelant in his cross-appeal is denied.