No. 40,061

FRED B. JOHNSON, Administrator of the Estate of Walter E. Keith, Deceased, *Appellee*, v. LYLE KILLION, doing business as Killion Service Stations, and EMPLOYERS MUTUAL CASUALTY COMPANY, *Appellants*.

(297 P. 2d 177)

Opinion filed May 5, 1956.

*Robert N. Partridge*, of Wichita, argued the cause, and *George B. Powers, Samuel E. Bartlett, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller*, and *Robert M. Siefkin*, all of Wichita, were with him on the briefs for the appellants.

*Mark L. Bennett*, of Topeka, argued the cause, and *John E. DuMars* and *Clayton M. Davis*, both of Topeka, and *John E. Wheeler*, of Marion, and *W. F. Lilleston, George C. Spradling, Henry V. Gott, George Stallwitz*, and *Ralph M. Hope*, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: This, the second appeal from rulings on the pleadings, is an action to recover damages for wrongful death resulting from a collision between a motor fuel transport truck and a train at a railroad crossing. Defendants appeal from an order sustaining a motion to strike certain portions of their separate answers.

A review of the allegations of the amended petition is neither necessary nor required. It suffices to say such allegations, along with a factual statement sufficient to permit a proper understanding of what the case is about, are set forth at length in the opinion of *Johnson v. Killion*, 178 Kan. 154, 283 P. 2d 433, which, by reference, is made a part of this opinion.

On a date, not disclosed by the record which we therefore assume was after our decision on the first appeal, defendants filed separate answers, identical in all respects except for certain allegations in the answer of defendant Employers Mutual Casualty Company, not here involved, respecting insurance coverage.

Summarizing, and without reference to allegations last above mentioned, it may be stated these answers deny generally the allegations of the petition, except formal allegations of residence and agency and the fact the accident had happened at the time and place in question; charge that the crossing in question was a dangerous crossing because of the speed of the trains crossing it and the peculiarities of its construction; and then, in addition to asserting that the collision was the result of an unavoidable accident, contain the following allegations, to be found in the fifth paragraph of defendant Killion's answer and in the seventh paragraph of the defendant Employers Mutual Casualty Company's answer, which read:

"Defendant expressly denies that his driver was guilty of the negligence set forth in plaintiff's amended petition or of any negligence which was a proximate cause of the collision. That the said Walter E. Keith was guilty of the following acts of negligence which are binding on the plaintiff herein:

"*a.* In operating the engine of his train at a high and dangerous rate of speed, to-wit: approximately ninety to one hundred miles per hour.

"*b. In operating his engine at such a speed when he knew or in the exercise of reasonable care should have known that it could not be stopped within his range of vision of the railroad crossing.*

"*c.* In failing to observe defendant's vehicle attempting to cross the track.

"*d.* In failing to slow his train when he had the time and opportunity to do so and thereby avoid the collision.

"*e.* In operating his train at a speed in excess of sixty miles per hour as provided by the Interstate Commerce Commission regulations.

"*f.* In operating his train at a high and dangerous rate of speed across an intersection *which he knew or should have known was not adequately protected by gates or electric warning devices.*

"*g.* In failing to sound his whistle at a sufficient distance from the crossing so as to constitute a warning to vehicles attempting to cross the tracks.

"That any one or more of the above acts of negligence were a proximate cause of the death of Walter E. Keith and bar the recovery of the plaintiff herein."

After the defendants had answered in manner and form, as above described, plaintiff attacked both answers by a motion to strike all of subparagraph (*b*) and the portion of subparagraph (*f*), heretofore quoted and underlined for purposes of emphasis, from such answers on grounds that the allegations of (*b*) were immaterial and redundant, constituted no defense to the action and if allowed to remain in such answer would be prejudicial; and that the challenged allegations of (*f*) were immaterial and redundant, were conclusions of the defendants and alleged no violation of duty imposed upon plaintiff's decedent. In passing we pause to point out that such motion attacks other paragraphs of the petition to which no reference has been made because of concessions made by the parties that we are not here concerned with ruling on matters therein involved.

In ruling on the foregoing motion the trial court sustained the heretofore mentioned portions thereof and then, according to the journal entry, struck all of subparagraphs (*b*) and (*f*) from the answers. Thereupon defendants gave notice of appeal which resulted in again bringing the cause to this court on the pleadings, where they now seek a review of the rulings respecting such subparagraphs of the answers.

We are met at the outset with appellee's contention the ruling of

the trial court striking the subparagraphs in question from the answers is not an appealable order and find considerable merit in the arguments advanced in support thereof. Even so, since one of the grounds of attack made against subparagraph (*b*) is that its allegations constitute no defense to appellee's cause of action, and we have decisions holding a motion to strike allegations of an answer, challenging the sufficiency thereof to state a defense, is tantamount to a demurrer and an appeal lies from a ruling sustaining the motion (See *Collins v. Richardson,* 168 Kan. 203, 212 P. 2d 302), we have decided the involved ruling should be disposed of on its merits.

If when viewed in the light of allegations which precede it, the allegations of subparagraph (*b*) are not to be considered as repetitious and redundant the essence of appellants' position, notwithstanding specious arguments to the contrary, with respect to the allegations of such subparagraph is and of necessity must be that, regardless of the speed involved, an engineer who is operating a railway train at such a rate of speed it cannot be stopped within his range of vision of a railroad crossing is guilty of negligence. That, as will appear from a review of our decisions which we are not here disposed to labor or discuss, has never been the law of this state. See, e. g., *In re Estate of Modlin,* 172 Kan. 428, 433, 241 P. 2d 692; *Ross v. Chicago, R. I. & P. Rly. Co.,* 165 Kan. 279, 194 P. 2d 491; *Bazzell v. Atchison, T. & S. F. Rly. Co.,* 134 Kan. 272, 5 P. 2d 804; *Bunton v. Railway Co.,* 100 Kan. 165, 163 Pac. 801; *Land v. Railroad Co.,* 95 Kan. 441, 148 Pac. 612; *Adams v. Railway Co.,* 93 Kan. 475, 144 Pac. 999; *Railway Co. v. Schriver,* 80 Kan. 540, 103 Pac. 994; *Railway Co. v. Durand,* 65 Kan. 380, 69 Pac. 356, and *A. T. & S. F. Rld. Co. v. Hague,* 54 Kan. 284, 38 Pac. 257. Therefore we hold that under the existing facts and circumstances the trial court did not err in sustaining appellee's motion to strike subparagraph (*b*), heretofore quoted, from each of the answers in question.

Mindful that in preceding paragraphs of the answers appellants had alleged that under the existing conditions and circumstances appellee's decedent was guilty of negligence, which was the proximate cause of the collision, in operating the engine of his train at a high and dangerous rate of speed, approximating ninety to one hundred miles per hour; and that all facts alleged in subparagraph (*b*) of such answers, as heretofore quoted, could be shown under those general allegations, we have little difficulty in concluding that

the allegations of subparagraph (f) of the answers were not only redundant and irrelevant but must be considered as repetitious. In that situation the statute itself (G. S. 1949, 60-741) warranted the trial court's action in striking subparagraph (f) from the answers and it cannot be successfully argued that action was erroneous.

The judgment is affirmed.