No. 41,903

FLORENCE ALLMAN, *Appellant,* v. JESSE BIRD, *Appellee.*

(353 P. 2d 216)

Opinion filed June 11, 1960.

*George A. Lowe,* of Olathe, argued the cause, and *Cyrus Leland,* of Olathe, was with him on the briefs for the appellant.

*Howard E. Payne, W. C. Jones,* and *Howard T. Payne,* all of Olathe, were on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: Plaintiff, Florence Allman, commenced this action on September 16, 1959, by filing a petition against the defendant, Jesse Bird, for the recovery of actual and/or compensatory damages and exemplary and/or punitive damages for personal injuries sustained by her as a result of alleged negligence in the operation of a motorboat on August 9, 1959.

The petition contains two counts, the first count setting forth the facts relied on as the basis for recovery of actual damages and the second the facts relied on as grounds for recovery of exemplary damages. Defendant attacked this pleading by a motion in which, among other things, he moved to strike all allegations of the first count thereof charging the acts of negligence therein alleged were wanton and unlawful, and to strike *in toto* all of count two.

After a hearing on the motion just mentioned the trial court overruled certain portions thereof, which it is to be noted require no mention and are not here involved because the rulings with respect

thereto were not appealed from, and then sustained all portions of the motion relating to matters to which we have heretofore specifically referred, under a ruling giving the plaintiff additional time in which to file an amended petition.

Plaintiff filed an amended petition in due time. It was promptly attacked by defendant by another motion to strike, basically premised on the same theory relied on in his previous motion. When this motion was sustained plaintiff perfected the instant appeal where, although each ruling is appealed from, it is admitted the single appellate issue involved is whether it can be held that the facts pleaded and relied on in either petition as the basis for recovery of exemplary damages fall short as a matter of law of giving plaintiff any right to recover damages of that nature.

In view of what has just been stated we first direct our attention to the amended petition. Omitting formal averments, identification of the parties, allegations respecting the nature of her injuries, claims of damages with respect thereto, and its prayer, that pleading reads:

"Count One

"(3) On or about the 9th day of August, 1959, plaintiff and her husband, Robert O. Allman, were the owners of a boat and a fifty horsepower, outboard motor, which was in the Lake of Ozarks, Osage Branch, near Warsaw, Missouri. At approximately 1:30 o'clock p. m. on said date, defendant was in said boat and operating same in said lake, while plaintiff was in the water with water skis placed on her feet. At said time and place, and while plaintiff was in the process of adjusting herself to be towed by defendant in the boat as aforesaid, and while plaintiff had the tow bar and tow line in her hands taking up the slack in the line, defendant, without any signal or warning, negligently, carelessly and deliberately placed said motor in forward gear and accelerated said boat at a high and dangerous speed, thereby entangling plaintiff's left hand and arm and the forefinger of her right hand in said tow line and causing permanent and lasting injuries to plaintiff as more particularly set forth hereinafter.

"(4) The injuries to plaintiff were caused by the careless, negligent, improper, unskillful and wrongful conduct of the defendant operating and navigating the said motorboat, for the reason that, contrary to proper care, skill and caution, the said defendant:

"a. Caused said motorboat to start off without giving any warning or signal to plaintiff.

"b. Caused said motorboat to start off without first taking the slack out of the tow line which plaintiff was holding, contrary to established custom and practice well known to defendant;

"c. Caused said motorboat to start off at a high and dangerous rate of speed, the exact speed being unknown to the plaintiff;

"d. Caused said motorboat to start off without allowing plaintiff suf-

ficient time to ready herself for being towed or to turn loose of said tow line and handle;

"*e.* Caused said motorboat to start off without looking to the rear or at plaintiff to determine whether she was prepared for being towed.

"*f.* Ignored the warnings and shouts of protest of John Joseph Allman, the son of plaintiff who was riding in the boat with defendant, to stop the boat.

"COUNT TWO

"For her second cause of action plaintiff incorporates by reference as though fully set forth at length each and every allegation and statement in Count One above, and further alleges as follows:

"(1) That the defendant did willfully and with a reckless disregard for plaintiff's safety, knowing plaintiff's presence as heretofore set out, commit the acts hereinbefore described without attempting in any ways to avert injury to plaintiff and that said acts were acts of gross and wanton negligence perpetrated without cause or excuse, . . ."

Appellee's motion for an order striking all of Count Two of the amended petition, numbers being supplied by us for subsequent identification purposes, read:

"1. That said amended petition is in substance and in allegations of negligence, the same as heretofore plead. That this Court has heretofore sustained Defendant's motion to strike all of Count Two of Plaintiff's petition. That Count Two of Plaintiff's amended petition contains in substance the same allegations heretofore plead, by Plaintiff in her original petition.

"2. That said Count Two is redundant, forms no basis for punitive damages, is a bald conclusion, the prior allegations upon which Count Two depends, pleads no act of negligence warranting the maintenance of Count Two for punitive damages.

"3. That Plaintiff has failed to comply with the order of the Court heretofore made."

With specific reference to paragraphs 1, 2 and 3 of the foregoing motion, it may now be stated that we have compared count two of the respective petitions and, while it must be conceded there is some similarity in the language to be found therein as claimed by appellee in paragraphs 1 and 3 of his motion, find that the language of count two of the amended petition, particularly the portion thereof reading "That the defendant did willfully and with a reckless disregard for plaintiff's safety, knowing plaintiff's presence as heretofore set out, commit the acts hereinbefore described without attempting in any ways to avert injury to plaintiff," when read, as it must be, in conjunction with the heretofore quoted portion of count one which is made a part thereof, is so different in import as to preclude the trial court from sustaining the motion to

strike on the basis of the hereinabove identified paragraphs 1 and 3 of that motion.

Thus it appears the all-decisive question presented by this appeal is whether the trial court erred in striking count two of the amended petition for the reasons assigned in paragraph 2 of the above quoted motion.

Rules relating to the purposes for which exemplary damages and the conditions and circumstances under which such damages may be recovered are well-established in this jurisdiction and should be kept in mind in giving consideration to questions of the character to which we have just referred.

Long ago in *Telegraph Co. v. Lawson,* 66 Kan. 660, 72 Pac. 283, with citation of numerous cases, it was said:

". . . The rule is too well settled in this state to admit of modification or change, that in all actions to recover damages for negligence, where actual damages are recoverable, the plaintiff is entitled to recover exemplary damages if the negligence be so gross as to amount to wantonness (citing cases). The term 'wantonness' as here used does not necessarily mean malice, but a reckless disregard of the rights of others." (pp. 662, 663.)

Many of our decisions deal with the purposes for which exemplary damages may be allowed. See, *e. g., Stalker v. Drake,* 91 Kan. 142, 136 Pac. 912, where it is held:

"Exemplary damages are not allowable because of any special merit in plaintiff's case, but are imposed by way of punishing the defendant for an invasion of the plaintiff's rights in cases characterized by malice, fraud or a willful and wanton disregard of the rights of others, and it is held that the elements justifying the allowance of such damages are present in this case." (Syl. ¶ 3.)

For another landmark decision, dealing with the same subject, see *Motor Equipment Co. v. McLaughlin,* 156 Kan. 258, 133 P. 2d 149, where it is said:

"Punitive damages are imposed by way of punishing a defendant for malicious or vindictive acts or for a willful and wanton invasion of plaintiff's rights, the purpose being to restrain him and deter others from the commission of like wrongs." (Syl. ¶ 10.)

For another decision of like import see *Will v. Hughes,* 172 Kan. 45, Syl. ¶ 5, 238 P. 2d 478. See, also, *Watkins v. Layton,* 182 Kan. 702, 705, 706, 324 P. 2d 130.

Since the enactment of the guest statute (now G. S. 1949, 8-122b) providing that no person who is transported by the operator of a motor vehicle, as his guest, shall have a cause of action for damages against such operator for injury, unless such injury shall have resulted from the gross and wanton negligence of the operator of

such motor vehicle, there have been numerous decisions in which such statute has been construed and the term "gross and wanton negligence," as therein used, defined. See, *e. g., Bailey v. Resner,* 168 Kan. 439, 442, 214 P. 2d 323, and *Johnson, Administrator v. Huskey,* 186 Kan. 282, 350 P. 2d 14.

However, our cases are not limited to decisions defining gross and wanton negligence as it applies to rights and liabilities of parties under the guest statute. One of our more important decisions, where that statute was not involved, is *Frazier v. Cities Service Oil Co.,* 159 Kan. 655, 157 P. 2d 822. In that case in defining gross and wanton negligence we held:

"To constitute wantonness, the acts complained of must show not simply lack of due care, but that the actor must be deemed to have realized the imminence of injury to others from his acts and to have refrained from taking steps to prevent the injury because indifferent to whether it occurred or not. If the actor has reason to believe his act may injure another, and does it being indifferent to whether it does or not, he is guilty of wanton conduct." (Syl. ¶ 5.)

And in the opinion said:

"From the above cases and those cited therein, it may be concluded that as to injuries inflicted, wanton conduct or wantonness comes between negligence on the one hand and willful or malicious misconduct on the other; that it is more than negligence and less than willfulness, and to constitute wantonness the acts complained of must show not simply lack of due care, but that the actor must be deemed to have realized the imminence of injury to others from his acts and to have refrained from taking steps to prevent the injury because indifferent to whether it occurred or not. Stated in another way, if the actor has reason to believe his act may injure another, and does it being indifferent to whether or not it injures, he is guilty of wanton conduct." (p. 666.)

It is interesting to note that in other cases, where the guest statute was not in question, this court has held that generally the intentional doing of a wrongful act with full knowledge of its character, and without cause or excuse, is malicious and warrants an award of exemplary damages see *Rusch v. Phillips Petroleum Co.,* 163 Kan. 11, Syl. ¶ 5, 180 P. 2d 270, also *Watkins v. Layton,* 707, supra.

Decisions dealing specifically with whether pleadings contain facts sufficient to state a right to relief by way of exemplary damages are not nearly so numerous as those dealing with the questions involved in the preceding citations. However, that subject has received attention.

One of our decisions is *Flynn v. Hollenback,* 103 Kan. 448, 173 Pac. 925, where it is held:

"In order to recover exemplary damages, it is not necessary that the petition allege in so many words that the wrongful acts were committed with wantonness, recklessness, or malice, if the facts stated show such gross negligence as amounts to wantonness or a reckless disregard of plaintiff's rights." (Syl. ¶ 1.)

For a comparatively recent pronouncement, citing *Frazier v. Cities Service Oil Co.*, 664, supra; *Mason v. Banta*, 166 Kan. 445, 447, 201 P. 2d 654 (a guest statute case); *Moffet v. Kansas City Fire & Marine Ins. Co.*, 173 Kan. 52, 57, 58, 244 P. 2d 228, see *Gesslein v. Britton*, 175 Kan. 661, 266 P. 2d 263, which holds:

"In attempting to allege a cause of action for the recovery of punitive damages for personal injuries in a negligence action, the use of descriptive words such as willful, wanton, wrongful, reckless and malicious, standing alone, is a mere conclusion of the pleader, is not a substitute for essential allegations disclosing that course of conduct, their use does not strengthen the facts alleged, and, if a petition does allege such type of negligence, it is by reason of facts showing such negligence." (Syl. ¶ 1.)

And finally, since the record makes it appear (1) that no motion was filed against the amended petition to make it more definite and certain and (2) that paragraph 2 of the heretofore quoted motion to strike was actually intended, also considered, as a demurrer challenging appellant's right to recover exemplary damages under the allegations of her petition, it should be remembered that under the rule (Hatcher's Kansas Digest [Rev. Ed.], Pleading, § 35; West's Kansas Digest, Pleading, § 34[1][e]), so universal as to hardly require citation of the authorities supporting it, such petition is entitled to a liberal construction, which means that the facts as pleaded must be accepted as true and given the benefit of all reasonable inferences.

Examining the petition in the light of the authorities heretofore cited, and mindful that since all allegations of count one were incorporated in count two and are therefore entitled to full consideration, we are forced to conclude, for purposes of ruling on the motion, that the amended petition alleges that at the time and place of the accident appellee did willfully, without cause or excuse, and with a reckless disregard for appellant's safety, knowing her presence and situation as therein set out, commit each and all of the acts therein described without attempting in any way to avoid injuring her. These acts, it is to be noted, all of which are alleged to have been committed under the conditions and circumstances just indicated, consisted of (1) deliberately placing the motor in forward gear and accelerating the boat at a high and dangerous rate of

speed while appellant was in the process of adjusting herself to be towed by the appellee at a time when she had the tow bar and tow line in her hands taking up the slack in the line; (2) causing the motor boat to start off without giving any warning and signal; (3) causing the boat to start off without taking the slack out of the tow line contrary to established custom and practice; (4) causing such boat to start off without allowing appellant time to ready herself for being towed or to turn loose of the tow line and handle; (5) causing such boat to start off without looking to the rear to determine whether appellant was prepared for being towed; and (6) ignoring, which according to Webster's New International Dictionary (Second Edition) Unabridged, means "to refuse to take notice of; to shut the eyes to; not to recognize; to disregard willfully; . . ." the warnings and shouts of appellant's son, who was in the boat, for appellee to stop the boat.

When given careful consideration we cannot say as a matter of law that the foregoing allegations, when considered together and reviewed in the light of the rule to which we have heretofore referred, are so insufficient they fail to show or charge the type of wanton conduct and reckless disregard of appellant's rights necessary and required in order for her to rely on exemplary damages as a part of the relief sought in her amended petition. Therefore, since it affected a substantial right in that it deprived appellant of the right to claim any such relief in the action, the order striking count two of the amended petition constituted reversible error and must be reversed. For numerous authorities, holding that this is the result where a motion to strike, affecting a substantial right, has been erroneously sustained, see page 545 of the opinion in *Nausley v. Nausley,* 181 Kan. 543, 313 P. 2d 302.

In this connection it is to be noted there is sound authority holding an averment that acts of the character here involved were wantonly, willfully and maliciously done is sufficient to authorize a recovery of exemplary damages. See 25 C. J. S., Damages, § 133 p. 759; *Thompson v. Shanley,* 93 Mont. 235, 246, 247, 17 P. 2d 1085, 1087, 1088; *Cross v. Campbell,* 173 Or. 477, 491, 492, 146 P. 2d 83, 88, 89.

Having determined the motion to strike the amended petition should have been overruled it is neither necessary nor required and it would serve no useful purpose to burden our reports with a discussion of questions raised by the appellant relating to alleged errors

in the trial court's ruling on the motion to strike and we are not disposed to do so.

Finally it should be pointed out that in reaching the conclusions heretofore announced our review on this appeal is limited to whether the trial court erred in sustaining the motion to strike count two of the amended petition and that all we here decide is whether the ruling on that motion was erroneous. Whether appellant can establish the allegations of the amended petition by evidence sufficient to withstand a demurrer to her evidence and, if so, whether that evidence if contradicted will be given credence by the triers of fact, are matters with which we are not here concerned and express no opinion. There will be ample time for consideration of such matters on a trial of the case after issues have been joined by proper pleadings.

The order and judgment sustaining the motion to strike count two of the amended petition is reversed and set aside with directions to proceed in accord with the views expressed in this opinion.

It is so ordered.