No. 41,823

In the Matter of the Condemnation of Land for State Highway Purposes, CLIFFORD WESCOAT and MARY WESCOAT, *Appellants,* v. STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellee.*

(356 P. 2d 841)

Opinion filed November 12, 1960.

*Walter B. Patterson* and *Frank O'Brien,* both of Fort Scott, were on the briefs for the appellants.

*W. B. Kirkpatrick,* Assistant Attorney General, and *Roy G. Lowe,* of Topeka, and *Douglas Hudson, Howard Hudson,* and *Douglas G. Hudson,* all of Fort Scott, were on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is a highway condemnation appeal in which the essential informative facts may be stated briefly.

Following the institution of the condemnation proceeding by the State Highway Commission the involved landowners, who were dissatisfied with the award of duly appointed commissioners for their real estate on which a house was located, perfected an appeal from the award and this action was docketed in the district court of Bourbon County in accord with the provisions of G. S. 1959 Supp., 26-102.

After the docketing of the action the landowners filed a bill of particulars and a second amended bill of particulars, setting forth their claims respecting damages sustained by them as a result of the appropriation of the land and the improvements thereon. The Highway Commission then filed an answer in which it set forth all its claimed defenses to the matters relied on by the landowners in their second amended bill of particulars. Thereupon the landowners filed a motion to strike certain defenses alleged and relied on by the Highway Commission in its answer. When this motion was overruled they perfected the instant appeal wherein they concede the only question involved is whether the trial court erred in overruling such motion.

It should be stated at the outset that for reasons to become obvious a more extended factual statement is neither necessary nor required in order to insure a proper understanding of the disposition of the single appellate issue involved.

In its brief appellee moves to dismiss the appeal on the basis the

ruling from which appellants appeal is not here subject to appellate review, the gist of its position being (1) that there is nothing in our eminent domain statute, particularly G. S. 1959 Supp., 26-102, which recognizes or permits the filing of a motion to strike allegations from either a bill of particulars or an answer when filed in a condemnation proceeding; and (2) that since, under our decisions, when a petition and answer is filed the parties must proceed to trial of the issues raised by such pleadings and there determine them, the overruling of the involved motion to strike from the appellee's answer is not appealable.

We are convinced appellee's position on the point hereinabove identified as (1) must be upheld under our decision in *McCullough v. State Highway Commission*, 180 Kan. 209, 302 P. 2d 993, holding that the district court erred in sustaining a motion to strike allegations from the petition in an eminent domain action. In that case we held:

"Where an appealing landowner files a bill of particulars in a state highway condemnation proceeding pending in the district court, the proper procedure requires the condemner to file its answer setting out any and all defenses it may deem to have to matters alleged in the bill of particulars, and to proceed to trial." (Syl.)

And in the opinion said:

"We are of the opinion the district court erred in sustaining the motion to strike and in not requiring the State Highway Commission to file its answer and proceed to trial on the issues thus joined. We find nothing in the statute (G. S. 1955 Supp., 26-102) which authorizes the filing of a bill of particulars in a condemnation proceeding, but, if a bill of particulars is filed by the appealing landowner in which he alleges the damages sustained by reason thereof, the proper procedure requires the condemner to file its answer setting forth any and all defenses it may deem to have to the matters alleged in the bill of particulars, and to proceed to trial." (p. 210.)

Having determined that the foregoing decision compels a conclusion that in an eminent domain proceeding, where a bill of particulars is filed by appealing landowners and the condemner files an answer, all issues joined by the pleadings are to be determined upon their merits in the trial of the case, we have little difficulty in concluding that appellants' position on the point heretofore identified as (2) must also be upheld. Under the established rule of this jurisdiction rulings on motions to strike, regardless whether such motions have been sustained or overruled, rest in the sound discretion of the trial court and are not appealable unless they affect a substantial right and in effect determine the

action. See, e. g., *Nelson v. Schippel,* 143 Kan. 546, 56 P. 2d 469; *Wharton v. Zenger,* 162 Kan. 69, 174 P. 2d 103; *Giltner v. Stephens,* 163 Kan. 37, 42, 180 P. 2d 288; *Krey v. Schmidt,* 170 Kan. 86, 223 P. 2d 1015; *Harris v. City of Topeka,* 180 Kan. 758, 308 P. 2d 88; *Streebin v. Capitol Truck Lines,* 182 Kan. 527, 322 P. 2d 776; and numerous other decisions listed in Hatcher's Kansas Digest (Rev. Ed.), Appeal & Error, § 20; West's Kansas Digest, Appeal & Error, §§ 78(3), 93.

Based on what has been heretofore stated, and the decisions cited with respect thereto, we hold the record discloses no appealable order and that the appeal must be dismissed.

It is so ordered.