.No. 42,404

MONIKA KLEPIKOW, a Minor, by and Through Her Father, Natural Guardian and Next Friend, WASILY KLEPIKOW, *Appellant,* v. DONALD G. WILSON, a Minor, by and Through His Father, Natural Guardian and Next Friend, ROBERT L. WILSON, *Appellee.*

(366 P. 2d 800)

Opinion filed December 9, 1961.

*Louis A. Silks, Jr.,* of Merriam, argued the cause, and *Ralph E. Pratt,* of Kansas City, Missouri, was with him on the brief for the appellant.

*John E. Blake, Jr.,* of Kansas City, argued the cause, and *John E. Blake, Bill E. Fabian* and *Robert E. Fabian,* all of Kansas City, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an action by a minor, by and through her father as natural guardian and next friend, to recover for personal injuries as a result of being struck by defendant's automobile.

The appeal is from orders sustaining defendant's motions to make definite and certain, and to strike.

The petition, which was filed on May 2, 1960, alleges the injuries

were sustained on May 23, 1956. After alleging the facts of the accident and the extent of the injuries, paragraph 5 of the petition states that plaintiff "has sustained loss for medical expense, examination and treatment in the total amount of $535.00, and will continue to incur additional expense in the future in an amount unknown to her."

The prayer seeks recovery in the amount of $10,000.

Defendant filed a motion to make paragraph 5 of the petition definite and certain by setting out the dates on which the medical expense was incurred; to itemize such expense; by stating whether plaintiff has paid the amount alleged, and whether the services were rendered upon credit extended to her individually. The motion further sought more information concerning the permanent injuries alleged.

This motion was sustained, and plaintiff filed an amended petition in compliance with the order. Paragraph 5 thereof contains the above-quoted allegations of the original petition, and then follow allegations of nine items of medical expense—($a$) to ($i$), inclusive. Four of the items were listed as being charged to plaintiff's father, and one to plaintiff. Three were listed as having been paid by an insurance company, and the bill for the remaining item was listed as having been addressed to a named Kansas City attorney.

Each of the items of expense was incurred more than two years prior to the filing of the action.

Defendant then filed a motion to make the amended petition definite and certain concerning a matter not here material, and to strike the nine items of medical expense, above mentioned, on the ground "that said items are not recoverable expenses or damages."

This motion also was sustained, and plaintiff has appealed from all adverse rulings.

Because of the disposition being made of this appeal, no useful purpose would be served by stating the contentions of the parties or by discussing the early case of *Abeles v. Bransfield,* 19 Kan. 16, relied on by both parties.

Be that as it may, and regardless of what may have been the reasons for the trial court's rulings in question, we are at the outset concerned with the question of jurisdiction of this court to entertain the appeal—although the matter is not urged by defendant.

The rule is that on appellate review this court must always inquire as to its own jurisdiction, even though the question is not raised by

either party. (*In re Estate of Hilliard,* 170 Kan. 617, 228 P. 2d 536; *Kimel, Executor, v. Briggs,* 183 Kan. 315, 328 P. 2d 746.)

A further rule is that motions to strike and to make definite and certain rest in the sound discretion of the trial court, and rulings thereon are not appealable unless they affect a substantial right and in effect determine the action. (*Nelson v. Schippel,* 143 Kan. 546, 56 P. 2d 469; *Billups v. American Surety Co.,* 170 Kan. 666, 670, 671, 228 P. 2d 731; *Broberg v. Boling,* 183 Kan. 627, 331 P. 2d 570; *Wescoat v. State Highway Commission,* 187 Kan. 228, syl. 1, 356 P. 2d 841.)

Plaintiff's principal complaint here is that the court struck from the amended petition the nine items of medical expense. Such ruling, however, in view of the remaining above-quoted allegations, does not preclude plaintiff at the trial of the action from offering evidence in support of her general allegations as to medical expense. At this stage of the case, we of course express no opinion as to what the trial court's ruling as to the admissibility of such evidence should be. The extent of our holding is that none of the orders appealed from is a "final order" within the meaning of G. S. 1949, 60-3302 and 3303, and that this court has no jurisdiction to entertain the appeal.

The appeal is therefore dismissed.