No. 42,499

FLORENCE ALLMAN, *Appellant*, v. JESSE BIRD, *Appellee*.

(369 P. 2d 887)

Opinion filed March 3, 1962.

*Cyrus Leland* and *George A. Lowe*, both of Olathe, argued the cause and were on the briefs for the appellant.

*Howard E. Payne*, of Olathe, argued the cause, *W. C. Jones*, *Robert P. Anderson* and *H. Thomas Payne*, all of Olathe, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an action for damages sustained by the plaintiff while water skiing alleged to have been caused by the negligence of the defendant in operating a motor boat. The case has previously been to this court on appeal in *Allman v. Bird*, 186 Kan. 802, 353 P. 2d 216, on a question of pleading. The instant appeal (still at the pleading stage of the case) is from an order of the trial court overruling the plaintiff's motion to strike the defense of assumption of risk from the defendant's answer, and also from an order of the trial court overruling plaintiff's motion to make such allegations in the answer more definite and certain.

The controlling question is whether the plaintiff has an appealable order.

The plaintiff (appellant) by her second amended petition filed on June 14, 1960, after having successfully appealed to this court in Case No. 41,903, *Allman v. Bird*, supra, seeks to recover damages from the defendant (appellee) for injuries she received in water skiing while the defendant was operating a motor boat in the Lake of the Ozarks, near Warsaw, Missouri. In her first count re-

covery is sought on the ground of negligence, specifying the various acts. By the second count she seeks recovery of punitive or exemplary damages on the ground of gross and wanton negligence. By the third count she seeks damages on behalf of her husband for the loss of her services in operating a beach resort on the Lake of the Ozarks, near Warsaw, Missouri.

The trial court required the defendant to make his original answer filed more definite and certain by setting forth the facts constituting certain alleged affirmative defenses. In his amended answer the defendant made certain admissions, denied generally the rest of the allegations in the plaintiff's petition, alleged that the plaintiff's cause of action was governed by the laws of the state of Missouri, pleaded specific facts which he alleged constituted contributory negligence, and pleaded the affirmative defense of assumption of risk as follows:

"VI. Defendant further answering herein alleges the fact to be that Plaintiff had full knowledge of the hazards incident to engaging in the sport of skiing, particularly the hazards encountered in 'skiing double,' and the employment of double ski tow ropes of different lengths.

"That nothwithstanding said knowledge upon the part of said plaintiff, Plaintiff voluntarily engaged in said sport and voluntarily assumed the risk and hazards incident to engaging in said sport, and the dangerous procedure used by Plaintiff at said time and place, in engaging in said sport."

By appropriate allegations the answer joined issues and set up defenses to each of the other counts in the petition.

Thereupon the plaintiff moved to strike the above quoted allegations from the answer for the reason that they did not state facts sufficient to constitute defenses to counts one and three respectively. Appeal has been perfected from the order of the trial court *overruling* this motion, and from an order overruling the plaintiff's motion to make the above quoted allegations more definite and certain by describing in detail the "hazards" mentioned in said paragraphs and the "dangerous procedure" claimed by the defendant to have been used by the plaintiff.

It is apparent the appellant herein was attempting to force the appellee to plead in his answer *whether the plaintiff assumed the risk of the defendant's acts of negligence.* (*Page v. City of Fayette* [1938], 233 Mo. App. 37, 116 S. W. 2d 578; *Hathaway v. Evans* [Mo. App., 1950] 235 S. W. 2d 407; and see, *Fred Harvey Corporation v. Mateas* [U. S. C. A., 9th Cir., 1948], 170 F. 2d 612; and *Isaacson v. Jones* [U. S. C. A., 9th Cir., 1954], 216 F. 2d 599.)

Motions to strike and to make definite and certain rest in the sound discretion of the trial court, and rulings thereon are not appealable under G. S. 1949, 60-3302 and 60-3303, unless they affect a substantial right and in effect determine the action. (*Axe v. Wilson,* 150 Kan. 794, 96 P. 2d 880; *Lee v. Johnson,* 186 Kan. 460, 350 P. 2d 772; and *Klepikow v. Wilson,* 189 Kan. 66, 366 P. 2d 800.)

Although an independent appeal does not lie from an order over-ruling a motion to make definite and certain, such an order is re-viewable under the provisions of G. S. 1959 Supp., 60-3314a, not-withstanding the fact that such order may have been made more than two months before an appeal therefrom is taken, provided an appeal by the aggrieved party is timely perfected from a judgment or *some other appealable order.* (*Standard Steel Works v. Crutcher-Rolfs-Cummings, Inc.,* 176 Kan. 121, 269 P. 2d 402; and *First National Bank of Topeka v. United Telephone Ass'n,* 187 Kan. 29, 353 P. 2d 963.) Our inquiry must therefore be directed to the order of the trial court *overruling* the appellant's *motion to strike* the defense of assumption of risk from the appellee's answer.

The appellant takes the position that assumption of risk is an affirmative defense, and that the facts constituting the defense must be pleaded as fully as a cause of action in a petition. (38 Am. Jur., Negligence, § 279, p. 968; and 41 Am. Jur., Pleading, § 157, p. 402.) She argues the appellee has failed to plead facts sufficient to consti-tute the defense of assumption of risk in his answer, and the order of the trial court *overruling her motion to strike* this defense is tantamount to a ruling on a demurrer. (Citing, *In re Estate of Shirk,* 188 Kan. 513, 363 P. 2d 461; *Johnson v. Killion,* 179 Kan. 571, 297 P. 2d 177; and *Collins v. Richardson,* 168 Kan. 203, 212 P. 2d 302.)

While it may be conceded there is some inconsistency in our decisions, the statement has frequently been made that under the established rule of this jurisdiction *rulings on motions to strike,* re-gardless whether such motions have been sustained or overruled, rest in the sound discretion of the trial court and are not appealable under G. S. 1949, 60-3302 and 60-3303, unless they are final, affect a substantial right, or in effect determine the action. (*Nausley v. Nausley,* 181 Kan. 543, 545, 313 P. 2d 302; *In re Estate of Sims,* 182 Kan. 374, 321 P. 2d 185; *Lee v. Johnson,* supra; and *Wescoat v. State Highway Commission,* 187 Kan. 228, 356 P. 2d 841; and the many cases cited in these decisions.)

Here the order of the trial court *overruling* the appellant's motion to strike the foregoing quoted paragraphs from the answer is not a final order within the contemplation of our code; it does not affect a substantial right; nor does it in effect determine the action.

The appellant's cause of action remains in tact; none of her rights to pursue her remedy under the allegations of her petition has been taken away; there is nothing final concerning the defense of assumption of risk pleaded by way of answer. In due time the appellant will have her say in court. The doctrine of assumed risk pleaded by way of defense does not deny the appellant any right of trial or right to be heard on the merits of her case. Evidence presented by the appellee at the trial of the case concerning the defense of assumed risk, if improper, may be challenged by objection. Should the question still remain open after all the evidence has been presented, counsel for the respective parties will be permitted to present their views of the law relative to instructions for the jury, and the matter will again receive the attention of the trial court.

The appeal is dismissed.

SCHROEDER, J., concurring: While I fully concur in the foregoing decision and the reasons assigned, I think members of the bar are entitled to have the court clarify its position on the point of appellate procedure here presented.

One reading the recent decisions of this court on the point under consideration might well conclude the court treats each case as *sui generis,* under the guise of looking through form to substance, thereby unduly inviting appeals at the procedural stage of a case.

In effect the decision of the court herein overrules *In re Estate of Shirk,* 188 Kan. 513, 363 P. 2d 461, which held in substance that an order *overruling* a motion to strike separately numbered defenses from an answer was appealable. Question is also cast upon the reliability of *Vakas, Administratrix v. Collins,* 189 Kan. 178, 368 P. 2d 271, which followed the reasoning in *Shirk.* In my opinion the court should frankly recognize this fact by overruling *Shirk* and by further explaining *Vakas.*

The rule which has repeatedly been asserted in this jurisdiction, and one which has, with few exceptions, withstood the test of time, is that rulings on *motions to strike,* regardless whether such motions have been sustained or overruled, rest in the sound discretion of the trial court and are not appealable under G. S. 1949, 60-

3302 and 60-3303, *unless they are final, affect a substantial right, or in effect determine the action.* This is the acid test.

The foregoing rule is derived from the code of civil procedure itself. Under G. S. 1949, 60-3302, provision is made for appeal to the Supreme Court under four classifications, only two of which are involved in cases of this type—*"First*—A final order. *Second*—An order . . . that sustains or overrules a demurrer." Under G. S. 1949, 60-3303, a final order is defined as "an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment."

A demurrer is a pleading ( G. S. 1949, 60-703 ), while a motion is is not ( G. S. 1949, 60-720 ). (*King v. King*, 183 Kan. 406, 327 P. 2d 865; and *Dole Irrigation Supply v. Knackstedt*, 186 Kan. 143, 348 P. 2d 602. ) An order made with respect to a demurrer, whether sustained or overruled, is expressly made appealable by the provision of 60-3302, *Second*, supra, but an order with respect to a motion to dismiss an action or to strike all or part of a pleading is not. To be appealable such order must be a "final order" as defined in 60-3303, *supra.*

Cases indicating the disposition of appeals in the various situations encountered by an order with respect to a motion to strike all or part of a pleading, or to dismiss an action, have summarily been reviewed and classified in the dissenting opinion of *Vakas, Administratrix v. Collins,* supra (p. 188). Without repeating what was there said, reference is made to the discussion therein and to the classification of cases therein cited.

The general rule under the foregoing test is that an order *overruling a motion to dismiss an action* is not appealable, but there is a recognized exception where the ground for the motion to dismiss the action is *want of jurisdiction.* (*Wright v. Rogers,* 167 Kan. 297, 205 P. 2d 1010; *Collins v. Richardson,* 171 Kan. 152, 230 P. 2d 1018; and *Dick v. Drainage District No. 2,* 187 Kan. 520, 358 P. 2d 744.) Authorities supporting this general rule are cited in the *Dick* case where the exception is stated in the following language:

". . . there have been exceptions where the order overruling a motion to dismiss was considered equivalent to an order overruling a demurrer to the petition based upon the statutory ground set forth in G. S. 1949, 60-705, *First.* . . ." (p. 524.)

There seems to be logic for this exception in view of the special procedural consideration given the jurisdictional question on ap-

pellate review. (See, *Dick v. Drainage District No. 2*, supra, and cases cited therein at the bottom of page 524; *Curtis v. Kansas Bostwick Irrigation District*, 182 Kan. 301, 320 P. 2d 783, and the cases cited therein at page 302; and 1 Hatcher's Kansas Digest, Appeal and Error, §§ 310 and 312.)

To say that an order with respect to a motion to dismiss an action, or a motion to strike a part or all of a pleading, is appealable because it is in reality "tantamount to a demurrer" or "the equivalent of a demurrer" begs the question. It actually serves no basis upon which to determine the question, and it completely avoids the test to be applied under the code. A study of the court's decisions will clearly illustrate this point, although a few of the decisions have inadvertently slipped into a trap, citing the dictum in *Cow Creek Valley Flood Prevention Ass'n v. City of Hutchinson*, 163 Kan. 261, 181 P. 2d 320. (See decisions cited at page 263.) Once the true test has been applied and the order found to be appealable as a result thereof, it may then be said the court treats the order as the equivalent of a demurrer. This is not to say, however, that such recognition supplies the reason.

Each and every order *overruling* a motion to dismiss an action, or a motion to strike a part or all of a pleading, would be appealable if the controlling question in the case was whether the trial court could again be called upon to re-examine the same question by a subsequent demurrer lodged against the action, or the pleading, or portion thereof, attacked. It is erroneous to say this is looking through form to substance. This approach ignores the code of civil procedure and the true test to be applied in determining the issue before the court. The court should therefore openly recognize the reasoning applied in the *Shirk* and *Vakas* cases to be fallacious.

Actually, in *Vakas* the court was confronted with an order *overruling a motion to dismiss an action*. The appellant's position asserted therein could reasonably be said to have raised a *jurisdictional question* as to the subject matter of the action under the wrongful death statute, and the result could be justified by the recognized exception in cases of this type heretofore cited.

Two cases cited by the appellant to support her argument that the order in the instant case is appealable are *Collins v. Richardson*, 168 Kan. 203, 212 P. 2d 302; and *Johnson v. Killion*, 179 Kan. 571, 297 P. 2d 177. In each of these cases the trial court *sustained a motion to strike* certain allegations from an answer, as distinguished

from an order *overruling* such motion. In each case the order was held to be appealable and, upon consideration of the merits, the trial court was affirmed. The import of these decisions is that the respective defenses set up in these answers were properly stricken by the trial court, thus indicating they were *not meritorious.*

In the *Collins* case the answer stricken sought to have a written trust agreement reformed, which the court said, standing alone, would constitute a *cause of action.* This claim, the court held, was barred by the statute of limitations long before the action was filed. It could be argued with some merit that this was equivalent to an order sustaining a motion to dismiss an action. Insofar as the order striking *this defense* is concerned, it was final. As authority for the appealability of the order the court cited the misleading dictum in the *Cow Creek* case, which in turn cited *Miller v. Whistler,* 153 Kan. 329, 110 P. 2d 744; *In re Estate of Reed,* 157 Kan. 602, 142 P. 2d 824; and *Funkhouser Equipment Co. v. Carroll,* 161 Kan. 428, 168 P. 2d 918. In each of these decisions the trial court *sustained a motion to strike a meritorious defense* from an answer. In other words, the trial court *sustained a motion to strike* which was held to be an appealable order, and upon looking into the merits of the stricken defense, the trial court was reversed. These orders were final in that they affected a substantial right and were held appealable.

In *Johnson v. Killion,* supra, the stricken allegations of an answer set up a defense which was held to have no basis in the law; nevertheless, the order sustaining a motion to strike was held appealable, citing the *Collins* case. It could be said that *as to this particular defense* the order was final, although the stricken defense was not meritorious.

Compare the *Johnson* case with *Lee v. Johnson,* 186 Kan. 460, 350 P. 2d 772; and *Klepikow v. Wilson,* 189 Kan. 66, 366 P. 2d 800. In each of these cases the trial court also *sustained a motion to strike* portions of the defendant's answer. These orders were held not to be appealable. The well-reasoned opinions in these cases applied the usual test and upon the facts presented found the orders were not final within the contemplation of the code.

It is therefore respectfully submitted that *In re Estate of Shirk,* supra, should be overruled, and that decisions which apply reasoning inconsistent with the true test to be applied in cases of this type should be disapproved.

FATZER, J., concurring: While I fully concur in the court's opinion dismissing the appeal, I join in Mr. Justice Schroeder's concurring opinion that *In re Estate of Shirk,* 188 Kan. 513, 363 P. 2d 461, and *Vakas, Administratrix v. Collins,* 189 Kan. 178, 368 P. 2d 271, should be overruled. Those decisions are unsound in reason and confuse established appellate procedure prescribed by the code of civil procedure and our many decisions construing it. See my dissenting opinions in the Shirk case, *supra,* page 517, and in the Vakas case, *supra,* page 186, respectively.